# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JAMES FRANKLIN
PERRY, by BETTIE A. RODGERS,
Special Administrator, and JAMES
FRANKLIN PERRY, Jr. (a Minor),

                     Plaintiffs,

     -vs-                                              Case No. 12-C-664

CHERYL WENZEL, R.N., et al.,

                     Defendants.

## DECISION AND ORDER

This case arises out of James Franklin Perry's death while in the custody of the Milwaukee Police Department in the pre-booking area of the Milwaukee County Jail on September 13, 2010. A subset of the defendants move for partial judgment on the pleadings with respect to the following claims: (1) plaintiffs' claims against Milwaukee County and the individual Milwaukee County defendants in their official capacities pursuant to 42 U.S.C. § 1983; (2) plaintiffs' claims against Milwaukee County Sheriff David A. Clarke and Inspector Richard E. Schmidt pursuant to § 1983; (3) plaintiffs' claims against Milwaukee County, Clarke, and Schmidt under Wisconsin law; and (4) plaintiffs' claims against the Milwaukee County Sheriff's Office.

When evaluating a motion for judgment on the pleadings, the Court takes all facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff.

*Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations aren't required, but there must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim is plausible if the plaintiff provides enough factual content to allow the court to draw an inference that he is entitled to relief. *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 662).

In order to succeed on a claim against Milwaukee County, or against any of the individual defendants in their official capacities, the plaintiffs must meet the standard for liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), which established that there is no respondeat superior liability for municipalities. There are three ways to hold a municipality liable for a § 1983 violation: (1) through an express policy that, when enforced, causes a constitutional violation; (2) through a "wide-spread practice" that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with "final decision policymaking authority." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

The plaintiffs attempt to state a *Monell* claim by alleging that Sheriff Clarke and Milwaukee County failed to train employees how to deal with serious medical emergencies, and that Milwaukee County had a *de facto* policy of ignoring serious/acute/obvious medical

conditions among individuals in custody. However, these are the "legal elements" of the plaintiffs' claims; "they are not factual allegations and thus contribute nothing to the plausibility analysis under *Twombly/Iqbal*." *McCauley*, 671 F.3d at 618. In *McCauley*, the court held that in order to state a "facially plausible equal-protection claim under *Monell*, the factual allegations . . . must allow us to draw the reasonable inference that the City established a policy or practice of intentionally discriminating against female victims of domestic violence in the provision of police protection." *Id.* Here, the plaintiffs did not present any factual allegations which would allow the Court to reasonably infer that the County had a policy or widespread practice of deliberate indifference to the serious health care needs of the inmates in their custody; nor are there any allegations that the injury was caused by someone with final policymaking authority. Plaintiffs argue that it is unfair to reject these claims at the pleading stage because it is impossible to know whether there was an unconstitutional policy or practice until they proceed to discovery. If the plaintiffs truly have no idea whether or not their injuries were caused by a policy or practice—in other words, if the plaintiffs lack evidentiary support for their claims, Fed. R. Civ. P. 11(b)(3)— then the plaintiffs should not have brought these claims in the first instance. Notice pleading "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

For similar reasons, the plaintiffs' attempt to impose supervisor liability on Sheriff Clarke and Inspector Schmidt cannot survive the instant motion. To assert supervisor liability under Section 1983, a supervisor must "know about the conduct and facilitate it,

-3-

Case 2:12-cv-00664-JPS   Filed 02/26/13   Page 3 of 4   Document 22

approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words, act either knowingly or with deliberate, reckless indifference." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (quoting *Jones v. City of Chi.*, 856 F.3d 985, 992 (7th Cir. 1998)). The plaintiffs cannot fall back on their conclusory assertions that Clarke and Schmidt are responsible for the policies and customs that allegedly caused Perry's death.

Finally, the plaintiffs agree that their claim against the Milwaukee County Sheriff's Office must be dismissed. *See Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) ("[T]he Marathon County Sheriff's Department is not a legal entity separable from the county government which it serves and is therefore, not subject to suit"). However, the Court will not dismiss the state law claims because the defendants' argument on this point is underdeveloped.

Therefore, the defendants' motion for judgment on the pleadings [ECF No. 15] is **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**