UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**THE ESTATE OF JAMES FRANKLIN PERRY,**
by BETTIE A. RODGERS, Special Administrator,
and JAMES FRANKLIN PERRY JR. (a minor),

        Plaintiffs,

    -vs-                                    Case No. 12-C-664

**CHERYL WENZEL, R.N., et al.,**

        Defendants.

## DECISION AND ORDER

This matter relates to the death of James Franklin Perry in the Milwaukee County Jail. Perry's estate is suing various county and city officials, including members of the City of Milwaukee Police Department and the Milwaukee County Sheriff's Department. The City and County Defendants move for protective orders on a variety of issues.

First, both groups of defendants move for protective orders regarding the location of their depositions. Plaintiffs' counsel insists that all of the depositions should take place at his offices in Pewaukee. This is both an annoyance and an undue burden for the numerous government officials involved in this case who would be forced to disrupt their work days for additional travel, all at government expense. Fed. R. Civ. P. 26(c) (for "good cause" the court may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense . . ."). There is no

compelling reason to depart from the usual practice, and the traditional common courtesy, that "a party seeking discovery must go where the desired witnesses are normally located." *Yaskawa Elec. Corp. v. Koomorgen Corp.*, 201 F.R.D. 443, 444 (N.D. Ill. 2001). The convenience of plaintiffs' counsel cannot trump the convenience of the witnesses he seeks to depose. *Id.* at 445. The plaintiffs' position on this issue is not substantially justified, so the defendants are entitled to an award of reasonable expenses in making this award, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A)(ii).

Second, Milwaukee County Sheriff David Clarke moves for a protective order precluding his deposition. Sheriff Clarke is a defendant in this case, but the plaintiffs do not allege that he had any personal involvement in Perry's death, and the Court already ruled, at least with respect to the original complaint, that the plaintiffs did not state a claim against Sheriff Clarke in his official capacity. ECF No. 22. The plaintiffs later amended their complaint, and it is unclear whether their amendments successfully cure those allegations (no motion has raised that issue). In any event, the Court will grant the motion for a protective order because the plaintiffs completely failed to explain why they need to depose Sheriff Clarke. *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994) ("Before the involuntary depositions of high ranking government officials will be permitted, the party seeking the depositions must demonstrate that the particular official's testimony will likely lead to the discovery of admissible evidence and is essential to that party's case. In addition, the evidence must not be available

through an alternative source or via less burdensome means") (internal citations omitted).

Third, the County defendants move for a protective order postponing the depositions of certain defendants until a newly-added defendant, Aurora Sinai Medical Center, makes an appearance in this case. Aurora Sinai has since appeared, so it appears that this motion is moot.

Fourth and finally, the plaintiffs move for leave to publicly file their amended complaint. The Court agrees that filing a redacted version of the amended complaint was unnecessary.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The County Defendants' motion for a protective order regarding the deposition of Sheriff Clarke and the location of certain depositions [ECF No. 25] is **GRANTED**;

2. The City Defendants' motion for a protective order regarding the location of certain depositions [ECF No. 40] is **GRANTED**;

3. The County Defendants' motion to postpone certain depositions until the appearance of Aurora Sinai Medical Center [ECF No. 32] is **DENIED** as moot; and

4. The plaintiffs' motion to publicly file an unredacted version of their amended complaint [ECF No. 23] is **GRANTED**. The Clerk of Court is directed to

- 3 -

Case 2:12-cv-00664-RTR   Filed 08/05/13   Page 3 of 4   Document 59

detach and file ECF No. 24-1 as of March 25, 2013.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**