UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JAMES FRANKLIN
PERRY, by BETTIE A. RODGERS,
Special Administrator, and
JAMES FRANKLIN PERRY, JR. (a Minor),

        Plaintiffs,

    v.

Cheryl Wenzel, RN, *et al.*,

        Defendants.

Case No. 12-CV-664

**MILWAUKEE COUNTY DEFENDANTS' BRIEF IN SUPPORT OF PETITION
FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927**

    On May 9, 2016, this Court found that Plaintiffs' counsel had violated 28 U.S.C. § 1927 by their unreasonable and vexatious conduct in a "quixotic pursuit of claims against" the Milwaukee County Defendants, underscored by Attorney Gende's "repetitive, abusive, and argumentative conduct . . . during deposition discovery." (ECF No. 143 at 29.) Accordingly, this Court granted the Milwaukee County Defendants' Motion for Sanctions. (ECF No. 115.) Pursuant to this Court's May 9, 2016 Decision and Order, the Milwaukee County Defendants seek a total award of $288,999.38 in attorneys' fees and costs incurred as a result of the conduct of plaintiffs' counsel in violation of § 1927.[1]

    Requests for the award of attorneys' fees under § 1927 are "addressed to the sound judgment of the district court." *Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 810–11 (7th Cir.

---

[1] The Milwaukee County Defendants have filed a separate bill of costs that seeks $15,166.31 in taxable costs from Plaintiffs. (ECF No. 152.) To the extent this Court grants taxable costs to the Milwaukee County Defendants, the amount of any such award should be deducted from the amount of any award of fees and costs to the Milwaukee County Defendants under § 1927.

WHD/12715347.3

2003).  An award of attorneys' fees under § 1927 is appropriate where "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013) (quoting *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184–85 (7th Cir.1992)).

The Milwaukee County Defendants incurred a total of $254,092.20 in fees and $34,907.18 in costs in defending against objectively unreasonable and vexatious claims advanced by plaintiffs' counsel. As this Court concluded in its May 9 Decision and Order, "[t]he absence of a *constitutional* duty owed to Perry by the County Defendants was known at the outset of discovery in this case." (ECF No. 143 at 28.) Specifically, plaintiffs' counsel were on notice of the frivolous nature of the claims against the Milwaukee County Defendants as soon as the deposition of Richard Schmidt on March 26, 2013, and certainly no later than the deposition of Nicole Virgo on April 17, 2013; in both instances, it was abundantly clear that Perry was not even in the custody of the Milwaukee County Defendants. Despite this clear notice, plaintiffs' counsel "persisted in years of litigation against the County Defendants with no hope of success." (*Id.*) Accordingly, this Court should award the Milwaukee County Defendants all of their reasonable fees and costs in defending against this frivolous suit after April 17, 2013.

As detailed in the accompanying Declaration of Charles H. Bohl, the Milwaukee County Defendants' cost to defend this suit after April 17, 2013, included attorneys' fees totaling $254,092.20 and costs totaling $34,907.18. (Bohl Decl. ¶¶ 7–8.) The Milwaukee County Defendants' requested fees and costs are reasonable under the circumstances.

"There is no precise rule or formula" for calculating attorneys' fees, and "a district court 'necessarily has discretion' in choosing among the various alternative methods." *Evans v. City*

WHD/12715347.3                                         2

Case 2:12-cv-00664-JPS   Filed 05/24/16   Page 2 of 5   Document 155

*of Evanston*, 941 F.2d 473, 477 (7th Cir. 1991) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436–37 (1983)). A district court generally begins the fee calculation by computing a "lodestar": the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate, *Sottoriva v. Claps*, 617 F.3d 971, 974–75 (7th Cir. 2010), which yields a presumptively reasonable fee, *Pickett v. Sheridan Health Care Ctr..*, 664 F.3d 632, 639 (7th Cir. 2011). An affidavit from the fee applicant may show "that the requested rates are in line with those prevailing in the community." *Id.* at 640 (citing *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)). In addition, a court may consider "another court's determinations of an attorney's reasonable hourly rate," *id.* at 646, and "at the prevailing market rate *for lawyers engaged in the type of litigation in which the fee is being sought*." *Cooper v. Casey,* 97 F.3d 914, 920 (7th Cir. 1996).

The Milwaukee County Defendants' requested attorneys' fees and costs are reasonable for several reasons. First, the number of hours worked is reasonable under the circumstances. The Milwaukee County Defendants' attorneys deferred work, where possible, and divided tasks according to the appropriate levels of skill, expertise, and experience. (Bohl Decl. ¶ 11.) Moreover, plaintiffs' counsel were exceptionally litigious in this this case, requiring the County Defendants to respond to extensive written discovery, defend or attend dozens of depositions, and engage in extensive summary judgment briefing. (*Id.* ¶ 6.)

Second, the Milwaukee County Defendants' lead counsel has already reviewed the attorneys' fee invoices and eliminated redundant or unnecessary time or expenditures, prior to invoicing the County Defendants' insurer. (*Id.* ¶ 11.) Only three attorneys principally worked on this case for the Milwaukee County Defendants (two shareholders and one associate), and only four other attorneys completed specific tasks or otherwise assisted in the defense of the case

from time to time as required. As such, the case was leanly staffed, especially for a case asserting multiple federal and state claims against 36 defendants (including 12 Milwaukee County Defendants) that was litigated over four years.

Third, the requested billing rates for the Milwaukee County Defendants' attorneys, which are set forth in the accompanying Declaration of Charles H. Bohl, are reasonable in light of their skill, reputation, and experience, and are in fact lower than the prevailing market rates for similar work by attorneys of comparable skill, experience, and reputation. (*Id.* ¶ 12.) Indeed, the rates requested are far lower than rates previously awarded in this Court and the Western District of Wisconsin for the services of attorneys of comparable skill, experience, and reputation in § 1983 cases. *See, e.g.*, *Weyker v. Quiles*, No. 14-cv-782-pp, 2015 WL 5177970, at *2 (E.D. Wis. Sept. 4, 2015) (awarding hourly rate of $550.00 for a partner and $375 an hour for an associate in a civil rights case); *Sierra Club v. Jackson*, No. 11-cv-315-wmc, 2013 WL 5409036, at *4 (W.D. Wis. Sept. 25, 2013) (blended hourly rate of $415.00 found reasonable for two Madison attorneys with thirteen and nine years' experience for their "collective efforts on a contingent fee matter" in environmental case); *Hirschfield v. Vernon Cty.*, No. 3:11-cv-30-wmc, ECF No. 39 (W.D. Wis. Oct 24, 2011) (awarding a partner and associate $475.00 and $250.00, respectively, in a § 1983 civil rights action); *Alexander v. City of Milwaukee*, No. 03-C-611, 2006 WL 277114, at *6 (E.D. Wis. Feb. 3, 2006) (awarding hourly rate of $250.00 for attorney with fifteen years' experience in an employment discrimination case over a decade ago).

Accordingly, the Milwaukee County Defendants respectfully request that the Court grant their petition for attorneys' fees and costs in the amount of $288,999.38.

Dated this 24th day of May, 2016.

                    s/ Charles H. Bohl
Charles H. Bohl
Andrew A. Jones
Kurt M. Simatic
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
414-273-2100  Phone
414-223-5000  Fax
cbohl@whdlaw.com
ajones@whdlaw.com
ksimatic@whdlaw.com

Attorneys for Milwaukee County Defendants