UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JAMES FRANKLIN
PERRY, by BETTIE A. RODGERS,
Special Administrator, and
JAMES FRANKLIN PERRY, JR. (a Minor),

        Plaintiffs,

   v.

Cheryl Wenzel, RN, *et al.*,

        Defendants.

Case No. 12-CV-664

## MILWAUKEE COUNTY DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MILWAUKEE COUNTY DEFENDANTS' PETITION FOR ATTORNEYS' FEES AND COSTS

At no point in their opposition to the Milwaukee County Defendants' petition for attorneys' fees and costs do plaintiffs' attorneys dispute the total hours expended or the reasonableness of the rates charged by counsel for the Milwaukee County Defendants. Instead, plaintiffs' attorneys have asked for an evidentiary hearing they are not entitled to (and for which there is no need because they have not contested the specifics of the petition) and continue to make arguments that this Court has already rejected. Furthermore, plaintiffs' attorneys' argument on mitigation strains credulity given that it is their unreasonable and vexatious conduct that has necessitated the granting of sanctions. This Court should grant the Milwaukee County Defendants' petition for attorneys' fees and costs in its entirety.

## I. PLAINTIFFS' ATTORNEYS HAVE CONCEDED THAT THE MILWAUKEE COUNTY DEFENDANTS ATTORNEYS' FEES AND COSTS ARE REASONABLE.

The Milwaukee County Defendants have requested $288,999.38 in attorneys' fees and costs under 28 U.S.C. § 1927 and submitted a supporting declaration showing that the hours expended and hourly rates charged were reasonable and appropriate. (ECF Nos. 155 & 156.) "If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth "'a good reason why a lower rate is essential.'" *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (quoting *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996)). Notwithstanding this shifted burden, plaintiffs' attorneys have failed to offer any evidence or argument to contest the hours expended by counsel for the Milwaukee County Defendants or their hourly rates. Accordingly, plaintiffs' counsel have conceded that the total hours expended by defense counsel since April 17, 2013, are reasonable, and they have likewise conceded that defense counsel's hourly rates are reasonable. *Baier v. Rohr-Mont Motors, Inc.*, No. 12-C-8234, 2016 WL 1247451, at *15 (N.D. Ill. Mar. 30, 2016) ("If a defendant fails to specifically object to the requested attorneys' fees, the Court will generally award the requested fees.") (internal quotation marks omitted).

## II. PLAINTIFFS' ATTORNEYS' OPPOSITION BRIEF IS LARGELY A REHASH OF THEIR REJECTED OPPOSITION TO THE MILWAUKEE COUNTY DEFENDANTS' ORIGINAL § 1927 MOTION.

Plaintiffs' attorneys' opposition brief largely repeats the arguments they previously made in opposition to the Milwaukee County Defendants' original motion for sanctions under § 1927, but that train has left the station. There is no need to repeat the arguments previously made by the Milwaukee County Defendants in support of their motion for an award of sanctions or the Court's reasoning in rejecting plaintiffs' counsel's position and in granting the award. (*See* ECF

Nos. 117, 126, & 143.)[1] The question now before this Court is whether the attorneys' fees and costs incurred by the Milwaukee County Defendants are reasonable in light of the conduct that this Court has already determined was unreasonable and vexatious. As discussed above, plaintiffs' attorneys have offered no evidence and have made no arguments on this issue. With respect to any new or additional arguments raised by counsel, it is too late.

### III.  PLAINTIFFS' ATTORNEYS ARE NOT ENTITLED TO AN EVIDENTIARY HEARING.

Plaintiffs' attorneys request an evidentiary hearing "to satisfy their due process rights and be heard regarding the appropriateness of the nature and extent, if any, for § 1927 sanctions to be awarded." (ECF No. 181 at 1.) Leaving aside the fact that plaintiffs' attorneys are requesting a hearing on a question already decided by this Court—and not on the reasonableness of the attorneys' fees and costs actually incurred by the Milwaukee County Defendants because of their unreasonable and vexatious conduct—plaintiffs' attorneys are not entitled to a hearing.

The decision to hold an evidentiary hearing in connection with a petition for attorneys' fees is squarely in the discretion of a district court. *Pickett*, 664 F.3d at 652. A district court need not grant an evidentiary hearing if that hearing "would only address arguments and materials already presented to the court in the parties' briefings." *Id.* In particular, "[f]ee awards . . . need not be preceded by an evidentiary hearing if the record and supporting affidavits are sufficiently detailed to provide an adequate basis for calculating an award, *and* if the material

---

[1] Moreover, much of plaintiffs' attorneys' assertions in their opposition brief are misleading. First, it is true that Perry would not have been able to leave the pre-booking room of his own accord because he was in the custody of City of Milwaukee police officers who were attempting to book him in the Milwaukee County Jail, but that did not make him a prisoner of Milwaukee County. Second, plaintiffs' attorneys again cite to the deposition testimony of a number of Milwaukee County Defendants about what they felt obligated to do to help Perry as medical or corrections professionals, but none of that establishes a *constitutional* duty. These assertions are the type of mischaracterizations that only highlight plaintiffs' attorneys' unreasonable and vexatious conduct, and they seemingly do not know when to stop.

facts necessary to calculate the award are not genuinely in dispute." *Sablan v. Dep't of Fin. of N. Mar. I.,* 856 F.2d 1317, 1322 (9th Cir. 1988) (citations omitted).

The Milwaukee County Defendants originally filed their motion for sanctions in December 2015, so plaintiffs' counsel had both their notice and their opportunity to respond in full and demonstrate to this Court why their conduct was not unreasonable and vexatious. This Court then granted sanctions against plaintiffs' attorneys. Now, the Milwaukee County Defendants request that this Court set the amount of fees and costs to be awarded with a supporting declaration that is "sufficiently detailed to provide an adequate basis for calculating an award." *Id.* at 1322. Because plaintiffs' attorneys chose to not dispute the facts necessary to calculate the award of fees and costs, no evidentiary hearing is necessary.

Furthermore, should this Court grant plaintiffs' attorneys request for an evidentiary hearing, and should they lose, plaintiffs' attorneys will be responsible for the Milwaukee County Defendants' fees and costs associated with preparing for and attending that hearing. In other words, the meter continues to run on the Milwaukee County Defendants' fees and costs (as it does with plaintiffs' pending appeal) the more that plaintiffs' counsel insist on defending their unreasonable and vexatious conduct that has brought this case to this point.

## IV. PLAINTIFFS' ATTORNEYS' MITIGATION ARGUMENT IGNORES BOTH THE FACTS AND HISTORY OF THIS LAWSUIT.

Perhaps the most extraordinary argument from plaintiffs' attorneys comes in the form of their appeal to the concept of mitigation. Essentially, plaintiffs' attorneys claim: "If you knew our argument was bogus, you should have said something or done something earlier, but you didn't and now you should not recover fees and costs related to defending our bogus claims." This argument is wrong on the facts and improperly twists the mitigation standard.

WHD/12850416.4     4

Case 2:12-cv-00664-JPS    Filed 06/29/16    Page 4 of 6    Document 184

First, the Milwaukee County Defendants made it clear both to the Court and plaintiffs' attorneys right from the outset of this case that Perry was not in the Milwaukee County Defendants' custody, both in pleadings filed with this Court (*see* ECF No. 16 at 4) and in testimony (ECF Nos. 86-10 at 8 and 86-21 at 11). Nevertheless, plaintiffs' attorneys forged ahead with their baseless claims against the Milwaukee County Defendants, forcing their counsel to prepare for, defend, or attend numerous depositions, respond to extensive discovery, and ultimately file for summary judgment.

Second, plaintiffs' attorneys ignore the telling sentence in *Dubisky v. Owens*, 849 F.2d 1034 (7th Cir. 1988), before the block quote they take from the decision: "The reasonableness requirement by its nature hinges on the particular facts and circumstances presented in a given case and looks not only to the hours and billing rate involved in responding to the other party's sanctionable conduct, but also to the appropriateness of the response taken." *Id.* at 1037. The "particular facts and circumstances of this case" include three years of frivolous claims against defendants who should not have been sued, dozens of depositions by plaintiffs' counsel (not to mention offensive behavior in those depositions), and extensive summary judgment briefing, all caused by plaintiffs' counsel.

Finally, plaintiffs' attorneys' are blind to the sheer audacity of asserting that it was the Milwaukee County Defendants, and not plaintiffs' attorneys themselves, who needlessly initiated and extended this litigation despite the factual record. It is the plaintiffs' attorneys who have suffered a "self-inflicted" wound and now unconvincingly seek to lay the blame elsewhere.

## V. PLAINTIFFS' ATTORNEYS FAIL TO SPECIFY WHAT SANCTION IS APPROPRIATE FOR THEIR UNREASONABLE AND VEXATIOUS CONDUCT.

Plaintiffs' attorneys' final argument in opposition to the Milwaukee County Defendants' petition for fees and costs is that the petition employs the wrong method for calculating attorney

fees because the Milwaukee County Defendants seek fees under § 1927 and the Court has discretion to select the sanction. Again, other than arguing that the sanction should not be granted in the first place (when it already has been granted by this Court), plaintiffs' attorneys have failed to specify an alternative to the lodestar method, or what sanction other than attorneys' fees and costs this Court should impose. And applicable case law holds that a district court may, in its discretion, use the lodestar method or an alternative measure of reasonable attorneys' fees in calculating an award of fees and costs under § 1927. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1206–07 (10th Cir. 2008); *see also Rey v. Vertrue Inc.*, No. 1:12 CV 10146, 2013 WL 4718764, at *8 (N.D. Ill. Sept. 3, 2013) ("Case law . . . reveals the fairly widespread use of the lodestar method in calculating reasonably incurred attorneys' fees in this circuit."). The Court should reject this undeveloped argument.

## CONCLUSION

For the foregoing reasons, and for the additional reasons set forth in their petition and the supporting declaration, the Milwaukee County Defendants respectfully request that this Court grant their petition for attorneys' fees and costs in full.

Dated this 29th day of June, 2016.

s/ Kurt M. Simatic
Charles H. Bohl
Andrew A. Jones
Kurt M. Simatic
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
414-273-2100 Phone
414-223-5000 Fax
cbohl@whdlaw.com
ajones@whdlaw.com
ksimatic@whdlaw.com

Attorneys for Milwaukee County Defendants