# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ESTATE OF JAMES FRANKLIN PERRY, et al.,**

    Plaintiffs,

    -vs-                                                          **Case No. 12-C-664**

**CHERYL WENZEL, et al.,**

    Defendants.

## DECISION AND ORDER

This is a civil rights, wrongful death suit brought by the Estate of James Franklin Perry against two groups of defendants, the City Defendants and the County Defendants. On May 6, 2016, the Court issued a Decision and Order granting summary judgment in favor of both groups of defendants. In that Order, the Court granted a motion for sanctions filed by the County Defendants, who now move for an award of attorney's fees and costs pursuant thereto. This motion is granted.

The Court granted the County Defendants' motion for sanctions under 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court noted that the lack of a constitutional duty owed to Perry by the County Defendants was "known at the outset of discovery in this case, at the latest. Even so, plaintiffs' counsel persisted in years of litigation against the County Defendants with no hope of success." *Estate of Perry v. Wenzel*, --- F. Supp. 3d ----, 2016 WL 2772193, at *10 (E.D. Wis. May 6, 2016).

The County Defendants request a total of $254,092.20 in fees and $34,907.18 in costs incurred in defending against the claims advanced by plaintiffs' counsel. Plaintiffs devote a large portion of their response to rearguing the merits of their case, thus attempting to "negate" the imposition of sanctions. The Court already held that the conduct of plaintiffs' counsel was vexatious and unreasonable pursuant to Section 1927. The only issue left for the Court to decide is the amount of the sanction.

The balance of plaintiffs' arguments fare no better. For example, plaintiffs object to the use of the lodestar method in calculating the amount of fees. "Case law, however, reveals the fairly widespread use of the lodestar method in calculating reasonably incurred attorneys' fees in this circuit" for purposes of Section 1927. *Rey v. Vertrue Inc.*, No. 1:12 CV

10146, 2013 WL 4718764, at *8 (N.D. Ill. Sept. 3, 2013). The lodestar method yields a presumptively reasonable fee, which is "the product of the hours reasonably expended on the case multiplied by a reasonable hourly rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014).

Plaintiffs' only argument in support of a lower fee is that the County Defendants failed to mitigate their damages. That is, the plaintiffs argue that the County Defendants only have themselves to blame because they could have pressed their position that Perry was never in their custody much earlier in the proceedings instead of waiting through years of discovery and then moving for summary judgment. This argument is so wrong-headed the Court does not know where to start. First, the County Defendants did press their position by repeatedly informing the plaintiffs that their case was fatally flawed. Second, the County Defendants could not have advanced this argument in Court with a motion based solely on the pleadings. Third, plaintiffs' counsel is cynically attempting to shift the blame for his own misconduct to the County Defendants. Opposing counsel does not have a duty to rescue an attorney from his or her own litigation strategies.

Finally, plaintiffs' attorneys argue that they are entitled to an evidentiary hearing. They aren't. "Fee awards … need not be preceded by

- 3 -

an evidentiary hearing if the record and supporting affidavits are sufficiently detailed to provide an adequate basis for calculating an award, *and* if the material facts necessary to calculate the award are not genuinely in dispute." *Sablan v. Dep't of Fin. of N. Mar. I.*, 856 F. 2d 1317, 1322 (9th Cir. 1988) (internal citations omitted) (emphasis in original).

The County Defendants' motion for fees and costs [ECF No. 154] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2016.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**