UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF JAMES FRANKLIN PERRY,
by Nathanial Cade, Jr., Special Administrator,
and JFP, JR. (a Minor),

                Plaintiffs,                Case No. 12-CV-664-JPS

    vs.

CHERYL WENZEL, *et al.*,

                Defendants.

## DECLARATION OF ANDREW A. JONES

Andrew A. Jones declares pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the following is true and correct:

1.      I am one of the attorneys for defendants Cheryl Wenzel and Nichole Virgo in the above-captioned action.

2.      I submit this declaration in support of the motions *in limine* filed by said defendants.

3.      Attached hereto and marked as **Exhibit A** is a true and correct copy of plaintiffs' proposed trial exhibits 11, 12, 13, and 79.

4.      Attached hereto and marked as **Exhibit B** is a true and correct copy of the transcript from the deposition of Richard Schmidt, taken on March 26, 2013.

5.      On June 1, 2018, at a meeting of the parties' counsel, plaintiffs' counsel inquired as to whether counsel for Virgo and Wenzel would accept service of trial subpoenas upon various Milwaukee County employees, including Milwaukee County Sheriff Richard Schmidt.

6.      On June 8, 2018, I emailed all other trial counsel for the parties and indicated that, unless the parties reached a stipulation, Virgo and Wenzel would bring a motion *in limine* to

MIL-29311589-1 810229/511

preclude plaintiffs from calling Sheriff Schmidt as a witness at trial. Attached hereto and marked as **Exhibit C** is a true a correct copy of my June 8, 2018 email to counsel.

7.    On June 12, 2018, during a telephone conference, counsel for the parties discussed Virgo and Wenzel's opposition to Sheriff Schmidt being called as a witness at trial, and I asked plaintiffs' counsel to provide an explanation as to why Sheriff Schmidt was a necessary witness. In response, plaintiff's counsel offered that Sheriff Schmidt was necessary to authenticate certain County policies and procedures. I stated that I was not authorized to accept service of any trial subpoena for Sheriff Schmidt, but that I was willing to consider any County policies and procedures identified by plaintiffs' counsel for the purposes of stipulating to authenticity.

8.    On June 14, 2018, during a telephone conference, counsel once again discussed the necessity of Sheriff Schmidt's testimony, and I again asked for an explanation as to why the Sheriff was a necessary witness. The explanation given by plaintiffs' counsel was, again, that Sheriff Schmidt could authenticate certain County policies and procedures because he oversaw the Milwaukee County Jail, and that at his deposition, the Sheriff (then an inspector in the Sheriff's Office) had been asked about the appropriateness of Virgo and Wenzel's actions in regards to James Franklin Perry and the application of certain policies and procedures to the events in question.

Dated this 18th day of June, 2018.

s/ Andrew A. Jones
Andrew A. Jones