UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JAMES FRANKLIN
PERRY, by NATHANIEL CADE, JR., Special
Administrator, and JAMES FRANKLIN
PERRY, JR. (a Minor),

                Plaintiffs,              Case No. 12-CV-664-JPS

vs.

CHERYL WENZEL, R.N.; *et al.*,

                Defendants.

## JOINT PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

The parties hereby submit the following proposed jury instructions on substantive issues. Unless otherwise indicated, all proposed instructions are taken from the Federal Civil Jury Instructions of the Seventh Circuit (2017 rev.) and are referenced by the number of the pattern instruction in question, with proposed additions marked with underlined text and proposed deletions marked using strikethrough text.

EXHIBIT F

## The Use of Electronic Technology to Conduct
## Research on or Communicate About a Case

I know that many of you use smart phones, Blackberries, the internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Twitter, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

Source: ABA Judicial Conference Committee on Court Administration and Case Management, Proposed Model Jury Instruction, The Use of Electronic Technology to Conduct Research of Communicate About a Case (June 2012).

### 1.25 Multiple Claims; Multiple Plaintiffs/Defendants

You must give separate consideration to each claim and each party in this case. Although there are 13 defendants, it does not follow that if one is liable, any of the others is also liable. Although there are two plaintiffs, it does not follow that if one is successful, the other is, too.

In considering a claim against a defendant, you must not consider evidence admitted only against other defendants.

## 1.26 Dismissed/Withdrawn Defendant

Aurora Sinai Medical Center, Paul J. Coogan and Rebecca Potterton are no longer defendants in this case. You should not consider any claims against Aurora Sinai Medical Center, Rebecca Potterton or Paul J. Coogan. Do not speculate on the reasons. You should decide this case as to the remaining parties.[1]

---

[1] As set forth in the briefing submitted with the Joint Pretrial Report, defendants Virgo and Wenzel object to the inclusion of this instruction.

## 7.04 Limiting Instruction Concerning Evidence of Statutes, Administrative Rules, Regulations, and Policies

You have heard evidence about whether Defendants violated City of Milwaukee Police Department or Milwaukee County Sheriff's Office policy or procedure.

You may consider this evidence in your deliberations as to whether any of the defendants' conduct violated James Franklin Perry's constitutional rights. But remember that the issue is whether the defendants denied medical care to Perry, not whether an internal policy or procedure might have been violated.

## 7.11 Fourth Amendment: Medical Care for Arrestee

**Plaintiffs' Proposed Instruction:**

The Estate of James Franklin Perry claims Perry was denied medical care while in custody. To succeed on this claim, Plaintiff must prove each of the following five things by a preponderance of the evidence.

1. Perry was under arrest.

2. Perry needed medical care.

3. The Defendant failed to take action to provide medical care to Plaintiff.

4. Defendant's failure to act was unreasonable. You must make this decision based on the perspective of a reasonable officer or nurse facing the same circumstances that Defendant faced, not on the Defendant's intentions or subjective beliefs. You should consider all of the circumstances. In considering all of the circumstances, you may consider whether the Defendant was aware of Perry's medical need, the seriousness of Perry's medical need, the nature of any necessary medical treatment, and any administrative and investigatory needs of law enforcement shown by the evidence.

5. Perry was harmed as a result.

If you find that the Estate has proved each of these things by a preponderance of the evidence, then you must decide for the Estate, and go on to consider the question of damages.

If, on the other hand, you find that the Estate has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

**County Defendants' Proposed Instruction (with which the City Defendants Agree if the Court finds the 4th Amendment applies):**

The Estate of James Franklin Perry claims that Perry was denied medical care while in custody. To succeed on this claim, the Estate must prove each of the following five things by a preponderance of the evidence as to each Defendant:

1. Perry was under arrest.

2. Perry needed medical care.

3. The Defendant denied medical care to Perry.

4. The Defendant's action was unreasonable. You must make this decision based on the perspective of a reasonable officer or nurse facing the same circumstances that the Defendant faced, not on the Defendant's intentions or subjective beliefs. You should consider all of the circumstances. In considering all of the circumstances, you may consider whether the Defendant was aware of Perry's medical need, the seriousness of Perry's medical need, the nature of any necessary medical treatment, and any administrative and investigatory needs of law enforcement shown by the evidence. <u>The ultimate question for you to answer on this element is whether it was objectively unreasonable for the Defendant to take the actions that they did based on what they knew at the time. This inquiry necessarily takes into account the sufficiency of the steps that the Defendant did take, and it does not require the Defendant to provide what hindsight reveals to be the most effective medical care for a person in custody.</u>

5. Perry was harmed as a result.

If you find that the Estate has proved each of these things by a preponderance of the evidence, then you must decide for the Estate, and go on to consider the question of damages.

If, on the other hand, you find that the Estate has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

Source for added language in ¶ 4: *Florek v. Vill. of Mundelein, Ill.*, 649 F.3d 594, 600 (7th Cir. 2011); *Currie v. Chhabra*, 728 F.3d 626, 630 (7th Cir. 2013); *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991).

### City Defendants' Proposed Instruction:

### EIGHTH AND FOURTEENTH AMENDMENTS: FAILURE TO PROVIDE MEDICAL ATTENTION – ELEMENTS

To succeed on their claim of failure to provide medical care, Plaintiffs must prove each of the following things by a preponderance of the evidence:

1. Mr. Perry had a serious medical need. A serious medical need is a condition that a doctor says requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment.

2. Each Defendant was aware that Plaintiff had a serious medical need or strongly suspected facts showing a strong likelihood that Plaintiff had a seriously medical need but refused to confirm whether these facts were true.

3. Each Defendant consciously failed to take reasonable measures to provide treatment for the serious medical need.

Plaintiff does not have to show that Defendants ignored him or provided no care. If Defendant provided some care, Plaintiff must show that each Defendant knew his or her actions likely would be ineffective or that Defendant's actions were clearly inappropriate.

You may infer that either of the CJF nurse Defendants consciously failed to take reasonable measures if their action was such a substantial departure from accepted professional judgment, practice or standards that it showed a complete abandonment of medical judgment.

If any Defendant relied on the opinion of a medical professional, that Defendant did not consciously fail to take reasonable measures unless it was obvious that following the medical professional's opinion would cause harm to Plaintiff.

4. As a result of any Defendant's actions or inaction, Plaintiff was harmed. Plaintiffs may prove that a Defendant harmed Mr. Perry with evidence that his condition worsened as a result of a Defendant's conduct or that he suffered prolonged, unnecessary pain.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence, then you must decide for Plaintiffs, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendants, and you will not consider the question of damages.

## 7.26 Damages: Compensatory

PLAINTIFFS' PROPOSED INSTRUCTION

If you find in favor of the Estate, then you must determine the amount of money that will fairly compensate the Estate for any injury that you find Perry sustained as a direct result of the denial of medical care.

The Estate must prove its damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering and loss of normal life that Perry experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages awarded on account of these factors. You are to determine an amount that will fairly compensate the Estate for the injury Perry sustained. The Estate may seek damages for loss of life.

b. Perry's loss of the capacity to carry on and enjoy his life's activities in a way he would have had he lived.

DEFENDANTS' PROPOSED INSTRUCTION

If you find in favor of the Estate, then you must determine the amount of money that will fairly compensate the Estate for any injury that you find Perry sustained as a direct result of the denial of medical care.

9

The Estate must prove its damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money, they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

a. The physical and mental and emotional pain and suffering that Perry experienced. No evidence of the dollar value of physical or mental and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages awarded on account of these factors. You are to determine an amount that will fairly compensate the Estate for the injury Perry sustained.

b. Perry's loss of the capacity to carry on and enjoy his life's activities in a way he would have had he lived.

10

Case 2:12-cv-00664-JPS   Filed 06/21/18   Page 10 of 12   Document 264

## 7.28 Punitive Damages

If you find for the Estate, you may, but are not required to, assess punitive damages against a defendant you found liable. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to the defendant and others not to engage in similar conduct in the future.

The Estate must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that a defendant's conduct was malicious or in reckless disregard of Perry's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Perry. Conduct is in reckless disregard of Perry's rights if, under the circumstances, the defendant simply did not care about Perry's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purpose that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of punitive damages, you should consider the following factors:

- The reprehensibility of the defendant's conduct;
- The impact of the defendant's conduct on Perry;
- The relationship between Perry and the defendant;
- The likelihood that the defendant would repeat the conduct if an award of punitive damages is not made;
- The relationship of any award of punitive damages to the amount of actual harm Perry suffered.

11

# WIS JI—CIVIL 1897 Death Of Parent: Child's
## Loss Of Society And Companionship

Question ___ asks you to determine James Franklin Perry Jr.'s loss of society and companionship resulting from the death of his father, James Franklin Perry.

Society and companionship includes the love, affection, care, protection, and guidance a child would have received from his parent had he continued to live. It does not include the loss of monetary support or the grief and mental suffering caused by the parent's death.

In determining James Franklin Perry, Jr.'s loss of society and companionship, you should consider the age of the deceased parent and the age of the child; the past relationship between the child and the parent; the love, affection, and conduct of each toward the other; the society and companionship that had been given to the child by the parent; the personality, disposition, and character of both the child and the parent. The amount inserted by you should reasonably compensate James Franklin Perry, Jr. for the loss of society and companionship he has sustained since the death of his father and the amount he will sustain in the future.

If you find that James Franklin Perry, Jr. will sustain a loss of James Franklin Perry's society and companionship in the future, you should include in your award such sum as will fairly and reasonably compensate James Franklin Perry, Jr. for the future loss but only until James Franklin Perry, Jr. reaches his 18th birthday.[2]

---

[2] As set forth in the briefing submitted with the Joint Pretrial Report, defendants Virgo and Wenzel object to the inclusion of this instruction.