UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF JAMES FRANKLIN PERRY,
by BETTIE A. RODGERS, Special Administrator,
and JAMES FRANKLIN PERRY JR. (a Minor),

                Plaintiffs,

v.                                      Case No. 12-C-0664

CHERYL WENZEL, R.N., DEPUTY KICKBUSH, NICOLE
VIRGO, R.N., TINA WATTS, R.N., SERGEANT FATRENA
HALE, SHERIFF DAVID A. CLARK, KELLY KIECKBUSCH,
ABIE DOUGLAS, ANTHONY ARNDT, SHEILA JEFF,
DARIUS HOLMES, RICHARD E. SCHMIDT, RICHARD LOPEZ,
FRANK SALINSKY, STEPHON BELL, MARGARITA
DIAZ-BERG, ALEXANDER C. AYALA, FROILAN SANTIAGO,
KARL ROBBINS, CRYSTAL JACKS, COREY KROES,
RICK BUNGERT, LUKE LEE, JACOB IVY, SHANNON D.
JONES, RICHARD MENZEL, EDWARD FLYNN, ROMAN [sic]
GALAVIZ, VICTOR E. BEECHER, THE CITY OF
MILWAUKEE, MILWAUKEE COUNTY, WISCONSIN COUNTY
MUTUAL INSURANCE CORPORATION, AURORA SINAI
MEDICAL CENTER, PAUL J. COOGAN, BECKY POTTERTON,
ABC INSURANCE COMPANY, and WISCONSIN PATIENTS
COMPENSATION FUND,

                Defendants.

---

**AFFIDAVIT OF SUSAN E. LAPPEN IN SUPPORT OF
MOTION IN LIMINE NO. 11 OF THE CITY OF MILWAUKEE DEFENDANTS
REGARDING INADVERTENT DESTRUCTION OF EVIDENCE**

---

STATE OF WISCONSIN   )
                                  ) ss:
MILWAUKEE COUNTY    )

     1.     I am an Assistant City Attorney for the City of Milwaukee, and I represent the

City of Milwaukee defendants in the above-captioned matter.

2. I have personal knowledge of the information averred to herein.

3. During the process of preparing for the upcoming trial in this matter, I directed my liaison officers with the Civil Litigation Unit of the Internal Affairs Division of the Milwaukee Police Department to make arrangements with the MPD Property Control Division, to have the inventoried property/items relative to Mr. Perry's arrest and detention of September 13, 2010 easily accessible, should they be needed for trial.

4. Any inventoried items relative to Mr. Perry had been ordered by the undersigned counsel's liaison officers, to be kept on hold at the Milwaukee Police Department Property Control Division, shortly after the lawsuit was initiated, and no later than January, 2013.

5. However, when responding to the above-described request, said liaison officers learned that the items were destroyed this past March.

6. Those items included the original CD containing MPD photos, the cell block check form, and the expectorant shield (spit mask) that was worn by Mr. Perry on September 13, 2010.

7. Copies and/or photos of these items had already been made available to the parties through discovery, and the original items themselves had been made available for inspection by any party, prior to 2014.

8. The undersigned counsel for the City Defendants dug into the matter a bit further, and learned from representatives of the Milwaukee Police Department Property Control Division that they began using a new computer program for tracking inventoried items during the fall of 2017.

9. The new program "flagged" items that had been on inventory for more than seven years, and this "flagging" process occurred in December, 2017. Hundreds of inventory sheets were then produced for review by detectives assigned to the Internal Affairs Division, Criminal Investigation Unit.

10. I learned that Detective Michele R. Harrison was assigned to review hundreds of property inventory sheets, including the one generated regarding the property inventoried relative to Mr. Perry's arrest and detention on September 13, 2010. A copy of the sheet which reflects Detective Harrison's decision to dispose of certain items listed on that property inventory sheet is attached as Exhibit SL-B. Exhibit SL-B reflects Detective Harrison's signature, dated January 29, 2018, which approved disposal of the items.

11. The undersigned counsel for the City Defendants provided the affidavit of retired Detective Harrison, which set forth the above matters, to all counsel of record on or about June 20, 2018. A cover email to that effect, along with Attorney Gende's response, is copied and attached to the Lappen Affidavit as Exhibit SL-C.

12. In preparing the Final Pretrial Report, plaintiffs' counsel never indicated that they would be submitting any of the original items listed on Exhibit SL-B as evidence during the upcoming trial of this matter.

13. The spit mask itself was photographed, and photographs of that item were made available to all counsel of record, and in fact, they were submitted in the context of the City Defendants' Summary Judgment briefing.

14. While Attorney Jones, on behalf of the County Defendants, did follow up and personally inspected and photographed the subject spit mask, no attorney for the plaintiffs ever requested that opportunity.

15. Furthermore, plaintiffs' counsel did not indicate on their pretrial exhibit list that they intended to have the subject original items presented as evidence at trial. Plaintiff's exhibit list is copied and attached hereto as Exhibit SL-D.

                                              s/Susan E. Lappen_____
                                              SUSAN E. LAPPEN

Subscribed and sworn to before me
this 25th day of June, 2018.

s/Cynthia Reynolds_____
State of Wisconsin, Notary Public
My Commission expires 1/24/2021

1032-2012-1529.001/250327

4

Case 2:12-cv-00664-JPS   Filed 06/25/18   Page 4 of 4   Document 292