```
                 UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF WISCONSIN
                     MILWAUKEE DIVISION




   ------------------------------------------------------------

   ESTATE OF JAMES FRANKLIN PERRY      )
   by NATHANIAL CADE, JR.,             )
   Special Administrator, and          )
   JFP, Jr.,                           )
                                       )
                    Plaintiffs,        )  Case No. 12-CV-664
                                       )
        vs.                            )
                                       )
   CHERYL WENZEL, et al.,              )  October 4, 2018
                                       )  11:00 a.m.
                    Defendants.        )

   ------------------------------------------------------------




                    **TRANSCRIPT OF HEARING**

          BEFORE THE HONORABLE J. P. STADTMUELLER

              UNITED STATES DISTRICT JUDGE




   Official Court Reporter:
   Richard Derrick Ehrlich, RMR, CRR
   richard_ehrlich@wied.uscourts.gov
   (414) 290-2642


   Proceedings reported by stenotype.
   Transcript produced by computer-aided transcription.
```

```
1                      A P P E A R A N C E S

2


3      For the Plaintiffs:

4                          James J. Gende, II
                           Gende Law Offices, SC
5                          N28 W23000 Roundy Drive
                           Suite 200
6                          Pewaukee, WI 53072
                           262.970.8500
7                          jgende@jamesgendelaw.com

8                          Christopher P. Katers
                           Judge Lang & Katers, LLC
9                          8112 W. Bluemound Road
                           Suite 101
10                         Wauwatosa, WI 53213
                           414.777.0778
11                         ckaters@jlk-law.com

12                         Nathaniel Cade, Jr.
                           Cade Law Group, LLC
13                         P.O. Box 170887
                           Milwaukee, WI 53217
14                         414.255.3802
                           nate@cade-law.com

15


16     For the City of Milwaukee:

17                         Susan E. Lappen
                           200 East Wells Street
18                         Room 800
                           Milwaukee, WI 53202
19                         414.286.2601
                           slappe@milwaukee.gov

20


21


22


23


24


25
```

A P P E A R A N C E S (Continued)


     For Nicole Virgo and Cheryl Wenzel:

                         Vicki L. Arrowood
                         Emile Banks & Associates, LLC
                         1200 N. Mayfair Road
                         Suite 290
                         Milwaukee, WI 53226
                         414.777.0000
                         vicki@emilebankslaw.com


                         Timothy H. Posnanski
                         Charles H. Bohl
                         Husch Blackwell, LLP
                         555 E. Wells Street
                         Suite 1900
                         Milwaukee, WI 53202-3819
                         414.978.5445
                         timothy.posnanski@huschblackwell.com
                         charles.bohl@huschblackwell.com

1          THE CLERK:  The Court calls *Estate of James*

2   *Franklin Perry, et al., vs. Cheryl Wenzel, et al.*, Case

3   Number 12-CV-664, for a status conference.

4          May I have appearances beginning with the

5   plaintiff, please?

6          MR. GENDE:  Good morning, Your Honor.  James Gende

7   and Chris Katers for the plaintiffs.  Mr. Katers appearing

8   as special administrator for the estate.

9          MS. LAPPEN:  Good morning, Your Honor.  Assistant

10  City Attorney Susan Lappen appears on behalf of the City of

11  Milwaukee, defendant.

12         MR. POSNANSKI:  Good morning, Your Honor.

13  Attorney Tim Posnanski, Charles Bohl, and Vicki Arrowood

14  appear on behalf of Defendants Nicole Virgo and Cheryl

15  Wenzel.

16         THE COURT:  Thank you.

17         Good morning to each of you.  I appreciate, at the

18  outset, your collective efforts when the matter was referred

19  to Judge Callahan to hopefully either narrow the number of

20  witnesses or potentially the issues for trial.  And while

21  generically some progress was made in those regards, I'm not

22  aware of all of the details.  But I think at the outset,

23  what we need to do this morning is schedule the case for

24  trial and, in the interim, address some of the meddlesome

25  issues that remain.

1          As you are all aware, we had expected to have a

2     new judge this year, and that is not going to happen.  And I

3     dare say, given the state of affairs in Washington, I

4     wouldn't be at all surprised that we wouldn't have a new

5     judge at this time next year.  It's very unfortunate.

6          And as some of you may be aware, the U.S.

7     Attorney's Office has just added a number of new people.

8     They're up to 42 assistant U.S. attorneys here in Milwaukee.

9     When I left the office in June of 1987, we had 4 active

10    judges in Milwaukee and 4 senior judges, and we had 14

11    assistant U.S. attorneys.

12         As you are aware currently, we have no senior

13    judges and only three active judges here in Milwaukee.  Yes,

14    we have an additional judge in Green Bay, but the workload

15    of the Green Bay division is such that they stand on their

16    own.  And so Judge Stadtmueller's problem is finding the

17    time for a lot of civil cases, but I do have a period of

18    about seven to eight days, starting on March 25th of next

19    year, to devote to bringing this case to conclusion.

20         I appreciate that's not as soon as anyone,

21    including the judge, would like, but the reality is we have

22    to give priority to criminal cases, and we simply do not

23    have the resources to advance cases in the manner that they

24    ought to be.  So a trial date of March 25th of next year.

25    I appreciate that a final pretrial report was earlier filed.

1  And we have made some changes in our protocols, as some of

2  you may be aware from more recent iterations of the Court's

3  trial scheduling order.  I'm not going to make counsel go

4  back and reinvent the wheel as it were, but given the state

5  of affairs, I think collectively there are a number of

6  things that we can do to streamline the case to the point

7  where, when March 25th arrives, it will be adequately and

8  appropriately prepared so that we can move forward without a

9  lot of interruptions and objections and so forth.

10         And to achieve that goal, what I'm going to do is

11  as follows:  We will have a final pretrial conference in the

12  case on Tuesday, March 12th of next year; however, prior

13  to March 12th, I'm going to ask counsel to confer with one

14  another, reviewing the exhibits, some of which were

15  discussed during the pendency of the referral to

16  Judge Callahan.  I want both sides, or all parties, to

17  review each and every exhibit and discuss openly objections

18  to each party's exhibits.  And to the extent that you're

19  unable to agree on exhibits or witnesses, I'm going to ask

20  that you submit a joint report to the Court not later than

21  Monday, February 25th.  And how that report will be

22  submitted to the Court is consistent with the way we

23  currently handle exhibits and jury instructions, and that is

24  the proponent, whether it's of a witness or an exhibit,

25  submits, in paragraph form, the substance and a summary of

the witnesses' testimony or why the exhibit is relevant, and those who may be opposed to it should submit the basis for their objection and at the same time a legal analysis from the proponent as well as the objector. So all of these issues will be submitted in a joint report to the Court in a single document that will include the competing submissions of counsel for the parties, both the proponent and the objector.

If there are objections to witnesses as opposed to exhibits, if there are stipulations that can substitute for live testimony, so much the better.

I also appreciate a lot of work has gone into the jury instructions, and, of course, a lot of water has gone under the bridge and over the dam, particularly in terms of revised iterations of standard instructions in the last six months. And to the extent that any party or counsel have a view of further updating jury instructions or the verdict form, that too should be included in the February 25th report to the Court.

The final matter that I would like to have counsel address, perhaps not today, but given the fact that the state law claims of Mr. Perry's minor son have all been, I believe, dismissed.

I am wondering out loud whether there is any reason that he remain as a named party in the case. And so

1    that, too, is something that needs to be addressed, again,

2    perhaps not today, but certainly as a part of this

3    February 25th submission.

4           So against that backdrop, do any of you have --

5    Mr. Katers and Mr. Gende, are there any matters that you

6    would like to address?

7           MR. GENDE:  Thank you, Your Honor.  We appreciate

8    the Court's direction.

9           In relation to the 225 submissions that the Court

10   is requiring in paragraph format that Your Honor is asking

11   for, should it be limited to one paragraph as it --

12          THE COURT:  Whatever is reasonable.  I'm not

13   trying to be unreasonable.  What I'm trying to do -- keeping

14   in mind, we talk to jurors after they've completed their

15   service, not on individual cases very often, but one of the

16   things that jurors find very, very disheartening, number

17   one, lawyers talk too long.  And if you recall, I put some

18   limits on opening statements and closing arguments; that

19   everything the Court said back in July when we had our final

20   pretrial conference and the Court put the case over holds

21   because the jurors give us this feedback.  You only need to

22   say something once.  They love the new technology of having

23   exhibits up on the screen that everybody can see.

24          One of the very frustrating things with jurors and

25   lawyers, if lawyers don't strike them as being fully

1    prepared, they don't think much of the lawyers' case,

2    whether it's the plaintiff or the defense.

3         Preparation, in today's world, is literally

4    everything.  And jurors, more and more of them, are not off

5    the farm, but they have college educations, they're

6    professionals, and they expect what they observe here in the

7    courtroom to be done professionally.  And so I'm just giving

8    you the feedback we're getting from our citizenry on the

9    state of preparations.  And that's not meant to criticize

10   anyone in this courtroom, it's just a fact of the feedback

11   we get.

12        MR. GENDE:  Thank you, Your Honor.

13        THE COURT:  And when it comes to paragraphs, if

14   you can do it in three sentences on relevancy.  I'll give

15   one example.

16        Plaintiff suggested, back when we had our earlier

17   conference, that there was no need for the defendants to

18   call anybody from the hospital about what was done by way of

19   diagnosis and what was done in terms of a discharge.  Well,

20   it may, at the end of the day, not be relevant, but if the

21   defendant officers relied on what was provided to them both

22   in writing and orally upon discharge, that counts for

23   something.  So I'm not suggesting this morning that that

24   testimony is or is not relevant, but it may be.

25        And so everybody needs to put aside everything

1    that occurred in front of Judge Randa, and we're starting

2    with a clean slate here.  And we're all professionals, and

3    we need not lose sight of that salient fact.

4            So that's the approach that -- and I think having

5    to think about these things, and having to put them in

6    writing causes everybody to think a little deeper and a

7    little harder about where are we going, what is truly the

8    relevance, and what fact does it intend to establish, or

9    what defense does it intend to establish?

10           And you can begin this entire analysis, as I so

11   often say, by taking a good look at the relevant jury

12   instructions.  That's what's going to drive the train with

13   the good men and women seated in the jury box.  And your

14   proof, whether it's for the plaintiff or the defense, ought

15   to be tailored to that.  In fact, I marvel very often on why

16   and how it is the lawyers wait until after all of the

17   evidence is in even to think about, much less discuss, jury

18   instructions.  It ought to be the first thing you do before

19   you engage the word "process," or whether it's drafting a

20   complaint or an answer or interrogatories or witnesses,

21   et cetera.

22           This is not rocket science, really.  And so I

23   think if everybody, including the Court, focuses on the

24   issues that are going to be submitted to the jury, and you

25   draft the appropriate instructions and bring together the

1    witnesses that drive each side's position, this case,

2    seriously, shouldn't take more than a week, but I'm not

3    cutting anybody off.

4            Judge Callahan tried his *triedy might*, but the

5    lawyers were not -- I appreciate you've narrowed it somewhat

6    but not to the degree that I think we would like.

7            Keeping in mind, when we're in trial, you're in

8    the courtroom 8 hours.  This is not starting at 9 concluding

9    at 4.  The outline I gave you at the earlier pretrial holds.

10   We start at 8:30 in the morning.  15-minute break at 10:30.

11   Go until 12:45.  45 minutes for lunch.  Go until 3:30.

12   15-minute break and go until 5:45.  8 hours.  And then we

13   eliminate everybody fumbling, looking for exhibits on

14   counsel table because they put them in the wrong folder.

15   Everything is cued up electronically.  It's as one would say

16   easypeasy, but you have to be prepared.

17           MR. GENDE:  Thank you, Judge.

18           THE COURT:  Ms. Lappen, anything you would like to

19   glean on?

20           MS. LAPPEN:  No, Your Honor.  Thank you.

21           THE COURT:  Mr. Posnanski or Mr. Bohl?

22           MR. POSNANSKI:  Nothing from either myself or

23   Mr. Bohl, Your Honor.

24           Sarah, I think, has a scheduling issue.

25           MS. ARROWOOD:  Your Honor, my name is Vicki

1    Arrowood.  I'm appearing today on behalf of Emile Banks.

2    And I know you have now set a trial date of March 25th.  I

3    may know the answer to this.  I'm trying to figure out if

4    that is set in stone because Mr. Banks has trial scheduled

5    the week of the 25th and the following week, the beginning

6    of April.

7            THE COURT:  Well, as much as I would like to

8    accommodate everyone, it's impossible.  We can start with

9    the proposition that, at least in this district -- I'm not

10   sure what the situation is with Mr. Banks' cases, but in

11   this district, less than 1% of the cases scheduled for

12   trial -- and I'm speaking of civil cases -- actually go to

13   trial.  Less than 1%.  Nationally, it's about 2 to 2 1/2% of

14   all civil cases, state and federal, actually go to trial.

15   And if we scheduled matters on the basis of conflicts, the

16   reality is we couldn't get anything done.  That's the

17   reality.

18           I already have an entire eight months into next

19   year scheduled.  If we were looking for a date that the

20   Court has nothing, and all of you have nothing, it would

21   probably be in early 2020.

22           I will have my clerk, Ms. Maternowski, make

23   available to you a template of our current trial scheduling

24   order.  It's been updated.  But the parts that I want you to

25   focus on for this report in February are found at pages 2,

1    3, and 4, and we'll make that available.  But I'm trying to

2    implore you to tailor it to the exhibits and the witnesses

3    that have been a big bone of contention, and whether some of

4    it, although relevant, could not be stipulated to, and there

5    may be good reason not to.

6         I'm not trying to hammer anybody into agreeing to

7    anything.  I just want to make sure that when we get into

8    trial, we are not sidetracked with trying to deal with

9    objections.  I want everybody to be aware of exactly what is

10   before the jury when you deliver your opening statements.

11   That's the best way to try a case, then there are no

12   surprises to anyone, including the jurors.

13        So, again, March 25th for trial.  Pretrial

14   conference Tuesday, March 12th.  Monday, February 25th

15   for any updates with regard to exhibits.  If the exhibits

16   are all agreed upon, you can put together a single

17   submission.  That would be the best.  I realize there are

18   differences of opinion with regard to the relevancy of some

19   witnesses, and we'll try as best we can to resolve each and

20   every one of these concerns prior to the trial on the

21   25th.  And we may have to have some oral argument on some

22   of this during the pretrial on March 12th, but that's

23   sufficiently in advance of the trial so that everybody will

24   be prepared.

25        Thank you for being available this morning.  And

```
 1        if we can be of any assistance, please feel free to contact

 2     my staff.

 3                The Court stands in recess until 11:30.

 4          (Hearing concluded.)

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                   C E R T I F I C A T E

2

3          I, Richard D. Ehrlich, a Registered Merit Reporter

4     and Certified Realtime Reporter, certify that the foregoing

5     is a true, complete, and accurate transcript of the

6     proceedings ordered to be transcribed in the above-entitled

7     case before the Honorable J.P. Stadtmueller, in Milwaukee,

8     WI, on October 4, 2018.

9

10    s/Richard D. Ehrlich  October 11, 2018
      _____
11    Richard D. Ehrlich, Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25