UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JAMES FRANKLIN PERRY, et al.
    Plaintiffs,
v.                              Case No.12-CV-0664
CHERYL WENZEL, R.N., et al,
    Defendants.

## PLAINTIFFS' BRIEF IN OPPOSITION TO THE DEFENDANTS' ARGUMENT THAT THE FOURTH AMENDMENT DOES NOT APPLY TO THIS MATTER

Plaintiffs, The Estate of James Franklin Perry and James Franklin Perry Jr., (a minor) ("Plaintiffs"), by and through the undersigned counsel, hereby submit this brief in opposition to Defendants' Argument that the Fourth Amendment does not apply to this matter.

### INTRODUCTION

At the Summary Judgment and Appellate phases on this case Plaintiffs' constitutional claims were analyzed under the Fourth Amendment. None of the Defendants appealed the District or Appellate Court's decision that the Fourth Amendment applied to Mr. Perry's constitutional claims. In fact, the County Defendants conceded in the District Court at summary judgment the Fourth Amendment controlled. Now, the City Defendants ignore Seventh Circuit jurisprudence and ask this Court to take a position contrary to the law of this case as well as established law in this circuit.

**A. Law Of The Case.**

The "most elementary application" of the doctrine of law of the case is that "when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court." *Creek v. Village of Westhaven,* 144 F.3d 441, 445 (7th Gr. 1998), quoting *Waid v. Merrill Area Public Schools,* 130 F.3d 1268, 1272 (7th Gr. 1997),

EXHIBIT D

citing in turn *Williams v. Commissioner,* 1 F.3d 1268, 1272 (7th Cir. 1997) (other citations omitted). There can be no dispute that the 7th Circuit ruled the Fourth Amendment and its "objectively unreasonable" standard apply to the Plaintiffs' claims here.

### B. Waiver.

The Seventh Circuit has held that a party's failure to address a claim in its opening brief results in a waiver of that issue. *See Sere v. Board of Trustees of the Univ. of Ill.,* 852 F.2d 285, 287 (7th Cir. 1988) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel. We consistently and evenhandedly have applied the waiver doctrine when appellants have failed to raise an issue in their opening brief." (internal quotations and citations omitted)). Moreover, in situations in which there is one or more alternative holdings on an issue, the Seven Circuit has stated that failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue. *See Williams v. Leach,* 938 F.2d 769, 772 (7th Cir. 1991) (holding that Williams' failure to raise on appeal the alternative ground for dismissal of claim based on statute of limitations resulted in waiver of issue on appeal); *Landstrom v. Illinois Dep't of Children & Family Servs.,* 892 F.2d 670, 678 (7th Cir. 1990) (stating that because the plaintiffs failed to challenge expressly the district court's alternative holding with respect to Count II of the complaint, they had "waived any claim of error in that ruling"); *Kautbar SDNBHD v. Sternberg,* 149 F.3d 659, 668 (7th Cir. 1998).

## ARGUMENT

The former County Defendants' motion for Summary Judgment conceded controlling case law in the Seventh Circuit, which held that:

> [T]he protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eight Amendment applies after conviction As a result, because Perry was an arrestee at the time of his death, plaintiffs'§ 1983 claims **are properly considered** under the Fourth

2

Amendment.

(D.88:4) On May 6, 2016, the District Court held, "At the time of death, Perry was an arrestee, not a prisoner or pretrial detainee. Accordingly, Perry's Section 1983 claims are governed by the Fourth Amendment." *See Lopez c. City of Chi.*, 464 F.3d 711, 719 (7th Cir. 2006). The Seventh Circuit agreed, stating:

> [T]he district court properly concluded that it is the Fourth Amendment, and not the Eighth, that governs Perry's claims. *See Williams v. Rodriquez*, 509, 403 (7th Cir. 2007) (noting that claims challenging the conditions of confinement brought by "pretrial detainees ... who have not yet had a judicial determination of probable cause (a Gerstein heating), are instead governed by the Fourth Amendment")(citing *Lopez v. City of Chi.*, 464 F.3d 711,719 (7th Cir. 2006)); *see also Sides v. City of Champaign*, 496 F.3d 820, 828 (7'h Cir. 2007) (noting that the governing standard for a claim of inadequate medical care prior to a probable cause determination is the Fourth Amendment's reasonableness standard). So. To succeed on his claim. Perry must demonstrate that officers' actions were "objectively unreasonable under the circumstances," a less demanding standard that the Eight Amendment's deliberate indifference standard. *Williams*, 509 F.3d at 403 (citing *Lopez*, 464 F.3d at 720).

(Declaration of James Gende in support of Plaintiffs' motions in limine and pretrial motions, ¶2, Ex. A). The Seventh Circuit expressly ruled that that the Plaintiffs' constitutional claims are governed by the 4th Amendment and that the Fourth Amendment's "objectively unreasonable under the circumstances" standard applies to Perry's constitutional claims - not the deliberate indifference standard of the Fourteenth Amendment. Such is the law of case. Yet, the Defendants improperly return to a Fourteenth Amendment analysis.

Defendants' arguments fail for a multitude of reasons, but primarily because the Seventh Circuit's decision is based on the controlling law of this Circuit. *Williams v. Rndriquez* 509 F.3d 392 (7th Cir. 2007), *Lopez v. City of Chic:*, 464 F.3d 711 (7th Cir. 2006) and *Sides v. City of Champaign*, 496 F.3d 820 (7th Cir. 2007) establish that the Fourth Amendment "objectively reasonable" analysis applies to Perry's claims and the standard under which that claim is analyzed. The Defendants should not be allowed to rewrite the law of the case and ignore the Seventh Circuit's express decision on the applicability of the Fourth Amendment to Mr. Perry's claims.

3

In addition, both the City and former County Defendants failed to cross appeal the District Court's application of the Fourth Amendment, as well as failing to raise the application of the Fourth Amendment as in issue in their Writs for Certiorari with the U.S. Supreme Court. As a result, these Defendants attempt to improperly introduce new arguments on the Fourth Amendment that have been expressly waived. *See Kauthar SDNBHD v. Sternberg,* 149 F.3d 659,668 (7th Cir.1998)(failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue). So it should be here.

## CONCLUSION

For these reasons, this Court should reject the Defendants' arguments and/or inferences that the Fourth Amendment standard is inapplicable to Mr. Perry's constitutional claims.

Dated this 25th day of February, 2018.

    s/ James J. Gende II
    James J. Gende II
    **GENDE LAW OFFICE, S.C.**
    WI State Bar No. 1030921
    N28W23000 Roundy Dr. Ste. 200
    Pewaukee, WI 53072
    Telephone: (262) 970-8500
    Facsimile: (262) 970-7100
    email: jgende@jamesgendelaw.com

    *Attorney for Plaintiffs*

    s/ Christopher P. Katers
    Christopher P. Katers
    **JUDGE, LANG & KATERS, LLC**
    WI State Bar No. 1067557
    8112 W. Bluemound Rd. Ste. 101
    Wauwatosa, WI 53213
    Telephone: (414) 777-0778
    Facsimile: (414) 777-0776
    email: jgende@jamesgendelaw.com

    *Attorney for Plaintiffs*

    s/ Robert E. Barnes
    Robert E. Barnes

**BARNES LAW LLP**
CA State Bar No. 235919
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone: (213) 330-3341
Facsimile: (310) 510-6225
email: robertbarnes@barneslawllp.com

*Attorney for Plaintiffs*