UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JAMES FRANKLIN PERRY,
by NATHANIEL CADE, JR., Special Administrator,
and JAMES FRANKLIN PERRY JR. (A Minor)
    Plaintiffs,
v.

Case No. 12-CV-664

CHERYL WENZEL, R.N., et al,
    Defendants.

## PLAINTIFFS' BRIEF IN SUPPORT OF JAMES FRANKLIN PERRY JR.'S CLAIM FOR THE LOSS OF SOCIETY AND COMPANIONSHIP OF HIS FATHER.

Plaintiffs, The Estate of James Franklin Perry and James Franklin Perry Jr., (a minor) ("Plaintiffs"), by and through the undersigned counsel, hereby submit this brief in support of James Franklin Perry Jr.'s claim for the loss of society and companionship of his father.

### INTRODUCTION

The Defendants seek to strip James Franklin Perry Jr. of his claims for the loss of society and companionship of his father. The U.S. Supreme Court has repeatedly recognized the right of society between a parent and child pursuant to the Fourteenth Amendment. Looking to Wisconsin law in regard to damages for wrongful death, it is appropriate to permit the jury to determine what amount James Franklin Perry Jr. is entitled to for the loss if society and companionship of his father.

### ARGUMENT

The Seventh Circuit has recognized that parents have a constitutional right to the continued association and society with their children that cannot be terminated by a police officer under color of law. This constitutional right is rooted in the Fourteenth Amendment's substantive due process clause. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984).

Likewise, the U.S. Supreme Court's recognition of this important right to familial relationships has a long lineage rooted in both constitutional law and common law. Both the Seventh

1

EXHIBIT H

Circuit and the Supreme Court agree that the right of society between a parent and child is a component of substantive due process. *See Prince v. Massachusetts,* 321 U.S. 158, 166, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); *Santosky v. Kramer,* 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (there is "a fundamental liberty interest of natural parents in the care, custody, and management of their child."). *See also, Wallis v. Spencer,* 202 F.3d 1126, 1136 (9th Cir.2000) ("Parents and children have a well-elaborated constitutional right to live together without governmental interference.");("We recognize the constitutionally protected liberty interests that parents have in the custody, care and management of their children."). *Id.*

In *Bell,* the Seventh Circuit found that the decedent's father was deprived of a constitutionally protected liberty interest in the continued society and companionship of his 23-year-old son, who was shot and killed by the police, and that this deprivation was fully compensable under Section 1983. In *Bell v. City of Milwaukee* the Seventh Circuit held: "The due process clause requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for the individual liberty interests at stake." "Decisions of this Court also reflect the constitutional protection accorded the parent-child relationship. *Ellis v. Hamilton,* 669 F.2d 510, 512 (7th Cir. 1982) (due process clause protects parents' liberty interest in relationship with children). "Our recognition of a parent's right to recover under Section 1983 for the unlawful breach of the parent-child relationship by virtue of the child's death is buttressed by federal appellate precedent..." *Bell,* 746 F.2d at 1244.

While it is true that the Seventh Circuit later overruled its decision in *Bell,* it did so only as to bar a parent from recovering for loss of society stemming from the death of an *adult* child. *Russ v. Watts,* 414 F.3d 783, 791 (7th Cir. 2005). Here, the Seventh Circuit's reasoning in *Bell* remains good law as it relates to James Franklin Perry Jr.'s, (a minor), right to recover for loss of society and

2

companionship resulting from the death of his father.

Section 1988 establishes a three-step process for the selection of appropriate substantive law in a §1983 action. *Bass by Lewis v. Wallenstein*, 769 F.2d 1173, 1188 (7th Cir. 1985). The first step is to determine whether the federal civil rights law is deficient in furnishing a particular rule. *Id.* If the federal law is deficient, "the most closely analogous state law may fill the vacuum only if it is consistent with the meaning and purpose of constitutional and federal statutory law." *Id.* However, if the state law is inconsistent, "it must be disregarded in favor of the federal common law." *Id.*

Because Section 1983 is silent on damages, the Court must look to the most closely analogous state to determine the measure of damages. *Estate of Gee ex rel. Beeman v. Bloomington Hosp. & Health Care Sys., Inc.*, No. 1:06-CV-00094-TWP, 2012 WL 729269, at *4 (S.D. Ind. Mar. 6, 2012). Here, that applicable statute is Wis. Stat. Ann. § 895.04, "Plaintiff in wrongful death action" ("Stat. 895.04") *See id.* That being said, the Court should not "mold the constitutional claim to fit within the parameters of state law." *Bass by Lewis*, 769 F.2d at 1188. Rather, "[t]he proper approach ... is not to transform the section 1983 action on behalf of [the decedent] into a wrongful death action on behalf of those who survived him, but to determine whether state law is inconsistent with the compensatory and deterrent policies underlying section 1983." *Id.* at 1189-90. In general, "[s]ection 1983 damages are considered to be appropriate as long as those damages generally effectuate the policies underlying § 1983." *Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1104 (7th Gr.1990) (citations omitted). "The fundamental policies underlying § 1983 are compensation for, and deterrence of, unconstitutional acts committed under state law." *Id.* (citation omitted).

Here, Wis. Stat., §895.04, is consistent with the fundamental policies underlying Section 1983, and does not conflict with the federal law by providing compensation for, and deterrence of, wrongful death actions including damages for loss of parental consortium:

(2) If the deceased leaves surviving a spouse or domestic partner under ch.770 and minor

3

children under 18 years of age with whose support the deceased was legally charged, the court before whom the action is pending, or if no action *is* pending, any court of record, *in recognition of the duty and responsibility of a parent to support minor children,* shall determine the amount, if any, to be set aside for the protection of such children after considering the age of such children, the amount involved, the capacity and integrity of the surviving spouse or surviving domestic partner, and any other facts or information it may have or receive...

Wis. Stat. Ann. § 895.04 (emphasis added). Accordingly, this Court should allow James Franklin Perry, Jr., (a minor) to make a claim for *his* loss of parental consortium arising out of the death of his father.

## CONCLUSION

For the reasons stated herein the jury should determine what compensation James Franklin Perry Jr. is entitled to for the loss of society and companionship of his father.

Dated this 25th day of February, 2018.

        s/ James J. Gende II
        James J. Gende II
        **GENDE LAW OFFICE, S.C.**
        WI State Bar No. 1030921
        N28W23000 Roundy Dr. Ste. 200
        Pewaukee, WI 53072
        Telephone:   (262) 970-8500
        Facsimile:   (262) 970-7100
        email: jgende@jamesgendelaw.com

        *Attorney for Plaintiffs*

        s/ Christopher P. Katers
        Christopher P. Katers
        **JUDGE, LANG & KATERS, LLC**
        WI State Bar No. 1067557
        8112 W. Bluemound Rd. Ste. 101
        Wauwatosa, WI 53213
        Telephone:   (414) 777-0778
        Facsimile:   (414) 777-0776
        email: jgende@jamesgendelaw.com

        *Attorney for Plaintiffs*

        s/ Robert E. Barnes
        Robert E. Barnes
        **BARNES LAW LLP**

4

CA State Bar No. 235919
601 S. Figueroa Street, Suite 4050
Los Angeles, CA 90017
Telephone:  (213) 330-3341
Facsimile:  (310) 510-6225
email: robertbarnes@barneslawllp.com

*Attorney for Plaintiffs*