UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE ESTATE OF JAMES FRANKLIN
PERRY,
        Plaintiff,
  v.

RICHARD LOPEZ; FRANK SALINSKY;
MARGARITA DIAZ-BERG; ALEXANDER      Case No. 12-CV-664
C. AYALA; FROILAN SANTIAGO; KARL
ROBBINS; CRYSTAL JACKS; COREY
KROES; RICK BUNGERT; LUKE LEE;
and JACOB IVY,
        Defendants.

PLAINTIFFS' CIVIL L.R. 7(h) EXPEDITED, NON-DISPOSITIVE MOTION TO STRIKE
DEFENDANTS' UNTIMELY DISCLOSED EXPERT WITNESS AND TESTIMONY

      The Plaintiffs, by and through their counsel, Judge Lang & Katers, LLC., respectfully request pursuant to Rules 16(f), 26(a) and 37(c) of the Federal Rules of Civil Procedure, that this Court enter an order striking Defendants' Testimony of Expert Dr. Jeffrey Breall ("Dr. Breall") and the attached Expert Report (Lang Decl., ¶2, Ex. A); barring Defendants from making any use of or making any reference to this evidence whatsoever at trial; and any other relief this Court deems just. In support thereof, Plaintiff states as follows:

      1.      On November 11, 2013, the Court issued an amended scheduling order requiring that defendants shall designate any expert witnesses they intend to call at trial on or before March 1, 2015. (D. 64-1). On February 12, 2015, the Court upon stipulation of the parties extended Expert Witness deadlines to April 1, 2015. (D. 81). The City of Milwaukee Defendants then provided their expert disclosures identifying six witnesses on April 1, 2015. Dr. Breall was not identified in these expert disclosures. (Lang Decl. ¶3, Ex. B).

2. Following the Seventh Circuit Court of Appeals' reversal, this Court set a scheduling order for pretrial deadlines. (D. 231). On June 21, 2018, the parties filed their Joint Final Pretrial Report with the Court. While the Milwaukee County Defendants named Dr. Breall as an expert witness, the City of Milwaukee Defendants did not identify him. (D. 256).

3. On February 11, 2019, Plaintiffs' informed the Court that they had resolved the matter with the remaining County Defendants. (D. 317). As this matter had been resolved with the County, all pretrial matters involving the County were moot. On March 22, 2019, Plaintiffs' stipulated to dismiss the remaining Milwaukee County Defendants with prejudice and without costs or attorneys' fees. (D. 354).

4. On February 25, 2019, the City Defendants and Plaintiffs filed a Supplemental Joint Final Pretrial Report. (D. 318). The City Defendants for the first time named Dr. Breall as an expert witness they intended to have testify. *Id.*, p. 21. The City intends that Dr. Breall will testify consistent with a March 20, 2015 opinion created while he was retained by the now dismissed County Defendants. *Id.*

5. Under Rule 16(f), a Court may issue any just orders for a party's failure to obey a scheduling order, including but not limited to an order prohibiting the disobedient party from introducing certain matters into evidence. Fed. R. Civ. P. 16(f)(1)(c) & 37(b)(2)(A)(ii).

6. Under Rule 37(c), a party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e) shall not, unless such failure is harmless, be permitted to use that evidence on a motion, at a hearing, or at a trial. Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

7. In the case at hand, Defendants' failure to disclose Dr. Breall as an expert witness and his Expert Report was neither justified nor harmless, as the Plaintiffs will suffer incalculable harm if this Report or testimony is allowed to be used at trial. Despite having ample opportunity to cross-designate Dr. Breall as an expert witness, the City Defendants refrained from doing so.

8. The City Defendants' use of a simple, broad, catch-all phrase reserving the right to call all other Parties' witnesses in their disclosures provides insufficient notice regarding Dr. Breall and falls woefully short of what is required when disclosing an expert witness under Rule 26(a)(2). The requirements under Rule 26(a) are direct and unambiguous, holding that a party "must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705." Fed. R. Civ. P. 26(a)(2)(A).

9. Even if Dr. Breall's omission from the City Defendants' expert disclosures is found to be substantially justified or harmless, the evidence should be nevertheless be precluded as irrelevant or, alternatively, under Rule 403 of the Federal Rules of Evidence. Rule 403 permits the exclusion of evidence whose probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

10. Dr. Breall's expert report does not state an opinion regarding the City Defendants and is not relevant to whether the City Defendants denied and/or failed to provide medical care to Perry and the corresponding constitutional violations at issue. (Lang Aff., ¶4, Ex. C).

11. Furthermore, the use of Dr. Breall's expert witness testimony is redundant and unnecessary as the City already intends to call at trial Dr. Christopher Poulos and Dr. Chad Zawitz. Dr. Poulos will testify to his autopsy findings and Dr. Zawitz will testify regarding emergency medical responses and potential contributions to Mr. Perry's death.

12. Even assuming, *arguendo*, that Dr. Breall's testimony and report was relevant to the material issues before the jury, the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

**WHEREFORE**, pursuant to Rules 16 (f) and 37 (c) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that this Court enter an order:

1) Striking Dr. Jeffrey Breall's testimony and attached Expert Report;

2) Striking any and all opinions from Defendants' testimony which rely upon or make any reference to Dr. Breall's Expert Report;

3) Barring Defendants from making any use of or making any reference to Dr. Breall's Expert Report; and any other relief that this Court deems just.

Dated at this 25th day of March, 2019.

Respectfully Submitted,
**Judge Lang & Katers, LLC**

By: s/ David J. Lang
David J. Lang (SBN: 1001218)
JUDGE LANG & KATERS, LLC.
8112 W. Bluemound Road, Ste. 101
Wauwatosa, WI 53213
P: (414) 777-0778
F: (414) 777-0776
dlang@jlk-law.com
Attorneys for Plaintiffs