# COURT MINUTES OF JURY TRIAL

THE ESTATE OF JAMES FRANKLIN PERRY,

    v.                                                              CASE NO. 12-CV-664-JPS

RICHARD LOPEZ, FRANK SALINSKY,
MARGARITA DIAZ BERG, ALEXANDER C. AYALA,
FROILAN SANTIAGO, KARL ROBBINS,
CRYSTAL JACKS, COREY KROES, RICK BUNGERT,
LUKE LEE, and JACOB IVY.

## HON. J. P. STADTMUELLER PRESIDING

DATE: March 25, 2019—March 27, 2019      TIME SCHEDULED: 8:30 a.m.

COURT DEPUTY/CLERK: Kate Maternowski      TIME CALLED: 8:30 a.m., 3/25/19

COURT REPORTER: Rich Ehrlich      TIME FINISHED: 8:49 a.m., 3/27/19

PLAINTIFF BY: James Gende, Robert Barnes, and Christopher Katers

DEFENDANTS BY: Susan Lappen

Notes:

8:30 a.m. Case called; appearances
8:31    Court discusses process of jury selection and daily trial schedule
8:35    Plaintiff's counsel inquires about pending motions in limine and use of certain evidence in opening statements; Court responds
8:36    Court discusses proposed expert testimony
8:39    Defendants' counsel asks that Court preclude use of photographic evidence during openings; Court responds
8:41    Court stands in recess pending arrival of the jury panel
\*\*\*
8:54    Jury enters
8:55    Court makes introductory remarks
8:57    Jury panelmembers sworn
8:57    Court continues preliminary instructions, gives brief overview of case
9:00    Court discusses the voir dire process
9:03    Each of the first 14 panelmembers gives introductory information, including name, age, address, marital status, children, education, occupation and employer, and spouse's occupation and employer

| | |
|---|---|
| 9:11 | Court begins the voir dire process for all panelmembers |
| 9:12 | Court asks whether any panelmember has medical issue preventing participation in this trial; no affirmative response |
| 9:13 | Court comments that this trial will last a week or more |
| 9:13 | Court inquires as to whether any person has a conflict with the schedule that would prevent full and fair participation in this case; panelmember 15 states she is traveling to Punta Cana next Wednesday; panelmember 20 states that her office is understaffed and she needs to be there this week |
| 9:16 | Court comments on schedule of the trial days |
| 9:16 | Court inquires as to whether any person would find it impossible to be present during the hours the Court has indicated; no affirmative response |
| 9:13 | Plaintiff's counsel introduces the three attorneys representing plaintiff; defendants' counsel identifies herself; defendants' counsel identifies the named defendants |
| 9:18 | Court asks whether any panelmember is familiar with counsel in this case; no affirmative response |
| 9:19 | Court asks whether any panelmember is familiar with any defendant; panelmember 9 states that her husband likely worked with and/or trained the defendants |
| 9:20 | Court invites counsel to name their potential witnesses so the jury can indicate whether they are familiar with any potential witnesses |
| 9:21 | Plaintiff's counsel identifies potential witnesses; no affirmative response |
| 9:23 | Defendants' counsel identifies potential witnesses; panelmember 9 states that she knows James Macgillis |
| 9:28 | Court asks whether any panelmember is familiar with this case or has heard about this case prior to the Court's remarks this morning; no affirmative response |
| 9:36 | Court asks whether any panelmember has previously served on a jury; panelmembers 6, 10, 13, 14, 19, 20, and 24 respond affirmatively; Court asks further questions on those panelmembers' jury experience; Court inquires whether any panelmember who responded affirmatively has any cause for concern as to his or her ability to serve as an impartial juror in this case; no affirmative response |
| 9:36 | Court asks whether any panelmember has participated in a lawsuit as a party; panelmember 4 states that he gave a deposition in a case involving his employer; panelmember 10 was the plaintiff in a case involving a car accident; panelmember 25 went to court for his divorce; Court asks whether those panelmembers have cause for concern as to their ability to serve as fair and impartial jurors in this case; no affirmative response |
| 9:40 | Court asks whether any panelmember shares the view that because a plaintiff files a lawsuit, he is entitled to damages; no affirmative response |
| 9:40 | Court asks whether any panelmember shares the view that law enforcement testimony is entitled to more weight than lay testimony; no affirmative response |
| 9:41 | Court asks whether any panelmember has previously provided testimony under oath; panelmember 6 states she have testimony regarding a parking ticket she received |
| 9:42 | Court asks whether those panelmembers who have participated in a lawsuit or given testimony under oath have cause for concern as to their ability to serve as fair and impartial jurors in this case; no affirmative response |
| 9:43 | Court asks whether any panelmembers have personal connections to members of law enforcement; panelmember 5 states that her husband, who works in in corrections, talks about |

| | |
|---|---|
| | his job a lot; panelmember 22 states that his brother is a sergeant at Sheboygan County Jail and they discuss his work on a fail basis; panelmember 25 is a member of the FBI citizens academy; panelmember 1 has a close friend in the Hartland police academy but they do not discuss his training often |
| 9:47 | Court asks whether any panelmember has had contact with law enforcement that would affect his or her ability to serve as an impartial juror in this case; no affirmative response |
| 9:47 | Court asks whether any panelmember has experience or training in medical emergencies or dealing with the side effects of medication; panelmember 8 has been trained in pharmacology; panelmember 9 is a respiratory therapist and she sometimes works in the emergency room; panelmember 10 is trained in first aid and CPR; panelmember 11 is an emergency nurse; panelmember 12 is a pharmacist and specializes in strokes and seizures; panelmember 13 is trained in CPR; panelmember 14 is a registered nurse but did not work in an emergency setting; panelmember 3 is CPR trained and deals with students' medicine; panelmember 4 is CPR trainined; panelmember 8 is CPR trained; panelmember 16 is CPR trained; panelmember 18 has administered CPR at work; panelmember 21 is a pharmacy student and has BLS training; panelmember 22 has CPR and related training; Court inquires whether any panelmember who responded affirmatively has any cause for concern as to his or her ability to serve as an impartial juror in this case; no affirmative response |
| 9:53 | Court takes sidebar with counsel |
| 9:55 | Court asks whether any panelmember has feelings about our judicial system that would affect his or her ability to serve as an impartial juror in this case; no affirmative response |
| 9:55 | Court asks whether any panelmember would have a problem following the law, whether he or she agreed with the law or not; no affirmative response |
| 9:56 | Court asks whether any panelmember holds any moral, philosophical, or religious beliefs that would prevent him or her from being fair and impartial; no affirmative response |
| 9:57 | Court asks whether any panelmember knows of any other reason why he or she could not be fair and impartial; panelmember 9 says that because she is married to a police officer she believes she would be biased in this case |
| 9:58 | Court excuses panelmembers 5 and 9 for cause |
| 9:59 | Panelmember 15 provides answers to the Court's background information questions |
| 10:00 | Court takes sidebar with counsel |
| 10:01 | Court explains that a couple panelmembers will be questioned privately in the jury room; panelmembers 11 and 15 are questioned by Court and counsel in the jury room |
| 10:12 | Court reconvenes in the courtroom |
| 10:13 | Court circulates panelmember list to counsel to exercise peremptory strikes; meanwhile, Court provides general instructions to panelmembers |
| 10:32 | Plaintiff's counsel requests sidebar to raise an objection related to jury selection; Court takes sidebar with counsel |
| 10:32 | Court informs the jury that it has a matter to discuss outside the presence of the jury; jury excused to jury assembly room |
| 10:35 | Defendants' counsel asks that witnesses arriving soon be sequestered from the courtroom; Court agrees |
| 10:35 | Court takes a recess before hearing Plaintiff's Batson challenge |
| *** | |
| 10:50 | Court reconvenes |

| | |
|---|---|
| 10:51 | Plaintiff's counsel makes Batson challenge and provides argument in support, requesting that the Defendants' strike of panelmember 6, Edith McDonald, be reversed; Defendants' counsel responds; Plaintiff's counsel replies; Court delivers its decision, denying Plaintiff's objection |
| 10:58 | Court instructs bailiff to summon the jury panel back to the courtroom |
| 11:07 | Jury panel enters |
| 11:07 | Final jury panel published: panelmembers 1, 4, 8, 12, 13, 14, and 15 are selected as jurors |
| 11:09 | Court re-reads the jury panel names and numbers |
| 11:10 | Jury sworn-in |
| 11:10 | Court thanks and excuses unselected panelmembers |
| 11:12 | Court provides instructions to the jury |
| 11:19 | Court excuses jury to the jury room |
| 11:19 | Court stands in recess |

\*\*\*

| | |
|---|---|
| 11:25 | Court reconvenes |
| 11:26 | Jury enters |
| 11:26 | Judge provides additional preliminary instructions for jury |
| 11:27 | Plaintiff's counsel makes opening statement |
| 11:57 | Defendants' counsel makes opening statement |
| 12:21 | Court recesses for lunch |

\*\*\*

| | |
|---|---|
| 1:14 p.m. | Court reconvenes |
| 1:16 | Jury enters |
| 1:16 | Plaintiff calls Jarod Kimber to testify; witness sworn; Plaintiff begins direct examination |
| 1:21 | Plaintiff's references exhibit 5, Defendant objects to foundation, Court sustains objection |
| 1:21 | Plaintiff references exhibit 44 |
| 1:30 | Plaintiff asks witness what he was told by nurses, Defendant objects to hearsay, Court overrules objection |
| 1:31 | Defendant begins cross examination |
| 1:33 | Defendant asks whether the report said that Perry was combative, Plaintiff objects to misstating the record |
| 1:34 | Defendant references exhibit 44 |
| 1:36 | Plaintiff begins re-direct examination |
| 1:36 | Plaintiff references exhibit 51, Defendant objects to being outside the scope of cross, Court overrules objection |
| 1:36 | Kimber is excused |
| 1:37 | Plaintiff calls Nicole Virgo; witness sworn; Plaintiff begins direct examination |
| 1:40 | Plaintiff references exhibit 1 |
| 1:43 | Plaintiff references exhibit 3 |
| 1:47 | Defendant begins cross examination |
| 1:51 | Defendant references exhibit 1139A |
| 2:08 | Plaintiff begins re-direct examination |
| 2:09 | Plaintiff asks about her evaluation of Perry, Defendant objects to misstating prior testimony, witness answers |
| 2:10 | Plaintiff references exhibit 3 |
| 2:12 | Defendant begins re-cross examination |

| Time | Event |
|---|---|
| 2:13 | Defendant references exhibit 1139C, moves for admission, Court receives |
| 2:15 | Virgo excused |
| 2:15 | Plaintiff calls Frank Salinsky; witness sworn; Plaintiff begins direct examination |
| 2:15 | Plaintiff references exhibit 25 |
| 2:16 | Plaintiff references exhibit 99 |
| 2:18 | Plaintiff references exhibit 10 |
| 2:24 | Plaintiff references exhibit 7 |
| 2:27 | Plaintiff references exhibit 16 |
| 3:03 | Plaintiff references exhibit 25 |
| 3:15 | Court takes afternoon recess |
| \*\*\* | |
| 3:30 | Court reconvenes |
| 3:33 | Jury enters |
| 3:33 | Plaintiff resumes Salinsky direct examination |
| 3:37 | Defendant begins cross examination |
| 3:37 | Defendant references exhibit 1142 |
| 3:42 | Defendant moves for admission of exhibit 1142, Court receives |
| 3:43 | Defendant references exhibits 1145A-E, moves for admission, Court receives |
| 3:46 | Plaintiff begins re-direct examination |
| 3:46 | Plaintiff references exhibits 1145E |
| 3:46 | Salinsky excused |
| 3:47 | Plaintiff calls Karl Robbins; witness sworn; Plaintiff begins direct examination |
| 3:48 | Plaintiff references exhibit 20 |
| 3:57 | Plaintiff references exhibit 1131A |
| 4:12 | Plaintiff references exhibit 25 |
| 4:17 | Plaintiff references exhibit 10 |
| 4:24 | Plaintiff references exhibit 1131A |
| 4:26 | Plaintiff asks Court to order the witness to answer a question; Court instructs counsel and witness to allow questions and answers to finish without interruption |
| 4:27 | Plaintiff references exhibit 10 |
| 4:33 | Plaintiff moves to strike witness' response, Court denies |
| 4:48 | Defendant has no questions |
| 4:48 | Robbins excused |
| 4:48 | Plaintiff calls Rick Bungert; witness sworn; Plaintiff begins direct examination |
| 4:52 | Court stands in recess until Plaintiff's technological issues can be resolved |
| \*\*\* | |
| 5:02 | Court reconvenes |
| 5:03 | Jury enters |
| 5:03 | Plaintiff resumes Bungert direct examination |
| 5:13 | Plaintiff asks about Perry being transported face-down, Defendant objects as mischaracterizing the witness' testimony, Court overrules objection |
| 5:18 | Defendant begins cross examination |
| 5:18 | Defendant references exhibit 1132 |
| 5:22 | Defendant references exhibits 1132B-N |
| 5:27 | Defendant asks about how Perry was being carried, Plaintiff objects to leading question, Court |

| | |
|---|---|
| | overrules |
| 5:27 | Defendant moves for admission of the portion of exhibit 1132 that was played, and 1132B-G, Court receives |
| 5:28 | Bungert excused |
| 5:30 | Court stands in recess for the day |

Tuesday, March 26, 2019

| | |
|---|---|
| 8:34 | Court reconvenes |
| 8:34 | Plaintiff states that they have accepted Defendant's offer of settlement, which is now pending final approval by the Common Council; Defendant states that counsel and the Common Council are set to meet this morning; the Court directs Defendant's counsel to attend the meeting, and the Court will meanwhile stand in recess until 11:00 a.m. |
| 8:38 | Case called; appearances |
| 8:39 | Court informs jury that it has matters to address with the parties and so will stand in recess as to the jury |
| 8:40 | Jury excused; Court stands in recess |
| *** | |
| 11:03 | Court reconvenes |
| 11:04 | Defendant indicates that the settlement has been approved; Plaintiff disputes that a settlement has been reached; the Court rejects the settlement and continues with the trial |
| 11:05 | Jury enters |
| 11:06 | Plaintiff calls Tyrone Evans; witness sworn; Plaintiff begins direct examination |
| 11:12 | Defendant begins cross examination |
| 11:14 | Evans excused |
| 11:14 | Plaintiff calls Corey Kroes; witness sworn; Plaintiff begins direct examination |
| 11:34 | Plaintiff references exhibit 1131A |
| 11:36 | Plaintiff asks whether witness knew what was causing Perry's pain, Defendant objects to foundation, Court overrules |
| 11:52 | Defendant begins cross examination |
| 11:54 | Defendant references exhibit 1001 |
| 11:59 | Defendant asks witness about following his training, Plaintiff objects to leading, Court overrules |
| 12:03 | Defendant asks whether prisoner's paperwork would follow him wherever he went, Plaintiff objects to leading, Court overrules |
| 12:05 | Defendant asks whether witness was with Perry after the seizure, Plaintiff objects to leading, Court overrules |
| 12:07 | Defendant asks whether Perry was moaning and groaning about irritation, Plaintiff objects to speculation, witness answers |
| 12:08 | Defendant asks what witness was told about Perry being discharged, Plaintiff objects to hearsay, Court overrules |
| 12:16 | Defendant asks whether witness would have done anything different if he had read the discharge instructions, Plaintiff objects to speculation, Court overrules |
| 12:17 | Defendant references exhibit 1131 |
| 12:22 | Court stands in recess for lunch |

\*\*\*

| | |
|---|---|
| 1:16 | Court reconvenes |
| 1:17 | Jury enters |
| 1:18 | Defendant continues Kroes cross examination |
| 1:18 | Defendant references exhibit 1131 |
| 1:26 | Defendant asks what witness felt Perry could comprehend at the time, Plaintiff objects to speculation, Court overrules |
| 1:46 | Defendant asks witness about PPS video, Plaintiff objects to leading, Court overrules |
| 1:51 | Defendant asks whether witness was holding Perry up for his safety and security, Plaintiff objects to leading, Court instructs Defendant to move on |
| 1:51 | Plaintiff begins re-direct examination |
| 1:51 | Plaintiff references exhibit 25 |
| 1:54 | Plaintiff asks whether witness and the other officers could follow the discharge instructions without having read them, Defendant objects to foundation, Court allows witness to answer as to himself |
| 1:56 | Defendant begins re-cross examination |
| 1:56 | Defendant references exhibit 25 |
| 1:58 | Plaintiff begins re-re-direct examination |
| 1:58 | Plaintiff references exhibit 25 |
| 2:00 | Defendant begins re-re-cross examination |
| 2:00 | Defendant references exhibit 25 |
| 2:02 | Plaintiff begins re-re-re-direct examination |
| 2:02 | Plaintiff references exhibit 25 |
| 2:02 | Kroes excused |
| 2:03 | Plaintiff calls Crystal Jacks; witness sworn; Plaintiff begins direct examination |
| 2:22 | Defendant begins cross examination |
| 2:33 | Defendant references exhibit 1132 |
| 2:35 | Defendant references exhibits 1132H-N; moves for admission; Court receives |
| 2:37 | Plaintiff begins re-direct examination |
| 2:37 | Plaintiff references exhibit 10 |
| 2:39 | Plaintiff references exhibit 7 |
| 2:44 | Defendant begins re-cross examination |
| 2:44 | Defendant asks whether witness is bound to provide first responder aid, Plaintiff objects to leading, Court overrules |
| 2:45 | Plaintiff begins re-re-direct examination |
| 2:45 | Plaintiff moves for admission of exhibits 7 and 10, Court receives |
| 2:46 | Plaintiff calls Margarita Diaz-Berg; witness sworn; Plaintiff begins direct examination |
| 2:51 | Plaintiff references exhibit 24 |
| 3:12 | Plaintiff references exhibit 1 |
| 3:13 | Plaintiff asks whether witness can tell how long Perry had been bleeding, Defendant objects to form, Court inquires of witness |
| 3:16 | Court stands in recess for the afternoon break |

\*\*\*

| | |
|---|---|
| 3:31 | Court reconvenes |
| 3:32 | Jury enters |

| Time | Event |
|---|---|
| 3:32 | Plaintiff continues examination of Margarita Diaz-Berg |
| 3:38 | Defendant begins cross examination |
| 3:38 | Defendant references exhibit 1140 |
| 3:45 | Defendant references exhibit 24 |
| 3:53 | Plaintiff objects to leading question; Court overrules objection |
| 3:53 | Plaintiff objects to leading question; Court overrules objection |
| 3:53 | Plaintiff objects to leading question; Court overrules objection |
| 3:55 | Defendant references exhibit 1145e-1 |
| 3:58 | Plaintiff objects to leading question and misstatement of witness's testimony; Court overrules objection |
| 4:01 | Plaintiff objects to leading question |
| 4:03 | Plaintiff begins re-direct examination |
| 4:04 | Plaintiff references exhibit 1140 |
| 4:05 | Plaintiff references exhibit 38; Defendants objects as hearsay; Court instructs Plaintiff to take exhibit down from screen and states Plaintiff can show witness the exhibit in hard copy; Plaintiff takes exhibit down and moves on with questioning without providing exhibit to witness |
| 4:06 | Defendant objects to question as speculation and calls for hearsay; Court overrules objection |
| 4:08 | Defendant begins re-cross examination |
| 4:08 | Plaintiff moves for admission of exhibits 1, 3, 24, 25, 1131a; Court receives exhibits |
| 4:09 | Plaintiff calls Froilan Santiago; witness sworn; Plaintiff begins direct examination |
| 4:26 | Plaintiff references exhibit 12; moves for admission; Court receives exhibit |
| 4:27 | Plaintiff calls Jacob Ivy; witness sworn; Plaintiff begins direct examination |
| 4:37 | Defendant begins cross examination |
| 4:39 | Defendant references exhibit 1134 |
| 4:42 | Defendant provides witness with exhibit 1143 |
| 4:45 | Defendant moves for admission of exhibits 1134, 1143, 1131, 1132, 1140, 24, 1145e-1; Court receives exhibits |
| 4:45 | Plaintiff begins re-direct examination |
| 4:46 | Plaintiff references exhibit 1144e |
| 4:48 | Plaintiff references exhibit 1134e |
| 4:49 | Defendant begins re-cross examination |
| 4:49 | Defendant references exhibit 1144a-g; moves for admission; Court receives exhibits |
| 4:51 | Plaintiff begins re-direct; references exhibit 1144e |
| 4:53 | Plaintiff calls Luke Lee; witness sworn; Plaintiff begins direct examination |
| 5:01 | Defendant begins cross examination |
| 5:04 | Defendant references exhibit 1137 |
| 5:06 | Plaintiff objects to leading question |
| 5:07 | Defendant references exhibit 1137a and b |
| 5:08 | Defendant moves for admission of exhibits 1137, 1137a, 1137b; Court receives exhibits |
| 5:08 | Plaintiff calls Richard Lopez; witness sworn; Plaintiff begins direct examination |
| 5:26 | Plaintiff references video from County CJF facility |
| 5:31 | Court excuses jury for the day |
| 5:33 | Plaintiff asks to be heard about testimony of Michelle Sandry, provides argument regarding her testimony; Defendant responds; Plaintiff provides additional argument and states that he |

would like to make an offer of proof if Ms. Sandry is not permitted to testify; Court discusses proposed testimony and finds that Ms. Sandry's testimony is not needed in this case; only the coroner will be permitted to testify

5:41  Court stands in recess for the day

## Wednesday, March 27, 2019

8:37  Court reconvenes
8:37  Case called; appearances
8:38  Court asks whether parties have anything to address before the jury enters
8:38  Plaintiff states that the parties have reached a settlement, wherein the case will be dismissed without prejudice pending payment of the $2.3 million settlement amount, and dismissed with prejudice once payment is completed
8:39  Defendant confirms the settlement and explains the settlement approval process and timeline
8:41  Court will direct the Clerk of the Court to enter judgment of dismissal without prejudice under FRCP 41(a), subject to the case being reopened if the parties' settlement is not completed; the judgment with further reflect that the statute of limitations will be stayed
8:42  Court asks whether the dismissal should be without costs and fees; Plaintiff confirms that it should be
8:42  Court will also return all exhibits
8:42  Court comments on its practices and summation of this case
8:49  Court stands in recess