| STATE OF WISCONSIN | : | CIRCUIT COURT | : | MILWAUKEE COUNTY |
|---|---|---|---|---|
| | | CIVIL DIVISION | | |

IN THE MATTER OF THE ESTATE OF JAMES
FRANLIN PERRY, by NATHANIEL CADE, Special    Case No. 10PR2059
Administrator,

_____

### NOTICE OF MOTION TO ADJUDICATE ATTORNEY LIEN
_____

**PLEASE TAKE NOTICE** that the MOVANT, the Estate of James Franklin Perry, by and through its attorneys, JUDGE, LANG & KATERS, LLC, and GENDE LAW OFFICE, S.C., as well as the representative attorneys from those respective law firms, on August 20, 2019, at 2:00 p.m., will move the court, the Hon. Paul R. Van Grunsven presiding, to adjudicate any attorney's lien pursuant to Wis. Stat., §757.36.

This motion is based on the entire record in this action, along with Plaintiffs' Brief, Affidavit of Nathaniel Cade, as the Special administrator, and testimony to be provided by Angila Garner (James Perry's mother) on August 20, 2019.

Dated at Pewaukee, Wisconsin this 29th day of July, 2019.

                                                           **GENDE LAW OFFICE, S.C.**
                                                           Attorneys for the Estate of James Perry,

                                       By:_____
                                             James J. Gende II
                                             State Bar No. 1030921

**MAILING ADDRESS**:
N28 W23000 Roundy Drive, Ste 200
Pewaukee, WI 53072
Telephone: (262) 970-8500
Facsimile: (262) 970-7100
jgende@jamesgendelaw.com

| STATE OF WISCONSIN | : | CIRCUIT COURT | : | MILWAUKEE COUNTY |
|---|---|---|---|---|
| | | CIVIL DIVISION | | |

IN THE MATTER OF THE ESTATE OF JAMES
FRANLIN PERRY, by NATHANIEL CADE, Special                Case No. 10PR2059
Administrator,

_____

**PLAINTIFF'S MOTION TO ADJUDICATE ATTORNEY LIEN**
_____

**I.     FACTS**

This case involved the City of Milwaukee Police Department (MPD) methods of infringing on and violating the Constitutional and statutory rights of James Franklin Perry Jr. (Perry), causing his death.  Perry died on the floor of the Milwaukee County Jail after the defendants in Eastern District of Wisconsin Case No.12-C-0664 acted with deliberate indifference to his serious-acute-obvious medical condition by ignoring Perry, leaving him unattended and unassisted on the floor – despite the fact that Perry was gasping for breath, rolling back and forth, moaning and groaning in pain, had defecated all over himself, and was bleeding from the mouth.  Perry died while shackled at his legs and arms, a spit mask dripping with blood affixed to his face.  Attorney Nathaniel Cade was appointed the Special Administrator (Special Administrator) of Mr. Perry's Estate on October 27, 2017.

After many years of complex litigation, including the Estate's successful Seventh Circuit appeal of the District Court's dismissal of the entire case on summary judgment and vacating a six figure sanction against the plaintiffs' attorneys, the matter proceeded to trial in front of the Hon. J.P. Stadtmueller on March 25, 2019.   After 2.5 days of trial, the Estate settled with the MPD defendants and those related funds are part of the current subject matter for this Court's distribution approval.

Upon information and belief, Attorney Felicia M. Miller-Watson (Watson) may intend to assert a fee claim to a portion of the Estate's settlement proceeds, even though she was unlicensed in Wisconsin from at least June of 2016 until recently. On June 9, 2016, Watson indicated via two emails she was unlicensed, had not provided any legal services whatsoever to the Estate since 2012, and waived any claim for attorney fees:

> **From:** Felicia Miller-Watson [mailto:fmillerwatson@yahoo.com]
> **Sent:** Thursday, June 09, 2016 4:24 AM
> **To:** James Gende
> **Cc:** ckaters@jlk-law.com; dlanglawbb@sbcglobal.net; brodgerslaw@hotmail.com; Matt Harding
> **Subject:** Re: James Perry
>
> Hello Attorney Gende,
>
> I am responding to your request for clarity as it relates to any lien that I may hold regarding the Estate of James Perry ("Client") and the Wrongful Death Suit brought under your exclusive legal representation of this claim.
>
> As you are fully aware, you have not requested my legal assistance, **nor have I provided any legal services regarding this matter after referring it over to you and your law firm, prior to my relocation in 2012 to Arizona**.
>
> You have asked that I, "... if [I] intend to assert any request for fees at some future juncture be advised that [you] expect [me] to likewise be subject to and satisfy [my] estimated pro rata share of any sanctions entered against the "plaintiff's attorneys."
>
> **To this end, the only thing in the past that I have alleged entitlement to (referring to my email to you back in 2012, that was attached to this email) was a referral fee for referring my previous Client over to you, back in approximately 2011** (not definite on the specific date.) I was not named as Counsel of Record for this Client since referring it over to you. Nor have you ever named me as Co-Counsel on any pleadings or within any court proceedings regarding your representation of the Client; to my knowledge. If you did name me in any capacity, I was not aware of it, nor did I approve of it. In addition, I have never been an employee of your firm. However, prior to your legal services being retained, I did provide initial legal counsel on this matter and was the Counsel of Record prior to and during the process of your legal services being initially retained.
>
> Your request, for me to identify/clarify any future lien request I may have, is clearly a joke. You have not included me, in any way, regarding the representation of the Client since approximately 2011. Furthermore, you have consistently maintained the opinion that I do not have any right to a lien for referring this matter to you or for any prior legal representation provided by me.
>
> I allege that my "potential" right to any referral fee has nothing to do with any Order of Sanction's that you have received from the Federal Court on this matter, other than there clearly being no portion of any fee for me to receive due to (what may or may not potentially be considered) ineffective assistance of counsel by you. More importantly, having a lien on a matter does not make me legally responsible for any repayment regarding the Order of Sanctions you received while you

exclusive represented the Client and provided what has been deemed and Ordered as… (emphasis added)

----

On Thursday, June 9, 2016, 11:31:57 AM CDT, fmillerwatson <fmillerwatson@yahoo.com> wrote:

Mr. Gender (sic),

I see you will continue with your behavior to either sue or threaten to sue, even when you have no reason to. I will not waste my time nor energy with you.

**Let me make this crystal clear, please stop contacting me. I have not pursued any claim for anything. I do not, at this point in time, intend to pursue a claim for a referral fee. But, i will reserve my right to do so if i choose to.**

**You will continue to look quite foolish to waste your time, energy and money on suing me, in anticipation of me suing you, regarding something, for all intents and purposes, I most likely wont be pursuing. Remember you've been initiating contacted with me. I haven't been initiating contact with you**.

Furthermore since you are the only expert on the law and you clearly already know for sure how a court will rule in the future on this type of matter; you should have no worries if in the future I were to pursue a claim for a fee, right?

Again, you contacting me under these circumstances, is a joke. Furthermore, i believe you are trying to bully me. So as i said, please stop contacting me or i will consider it harassment. **I most likely won't be contacting you in the future because I have other things to do now since im not a licensed attorney like you!**

God Bless. (emphasis added)

Immediately after the Estate settled with the City of Milwaukee on March 27, 2019 during the course of trial, on April 1, 2019, Watson apparently changed her mind and decided she wanted some money:

> **From:** FMW [mailto:fmillerwatson@yahoo.com]
> **Sent:** Monday, April 1, 2019 1:37 PM
> **To:** James Gende
> **Cc:** ckaters@jlk-law.com; dlanglawbb@sbcglobal.net; brodgerslaw@hotmail.com; Matt Harding
> **Subject:** Re: James Perry
>
> Hello Atty Gende, (Re: James Perry)
>
> It has come to my attention that this matter was settled last week. Per our previous conversations over the years, via email, I am informing you that I am renewing my claim for 10% of said settlement regarding my referral to you on this matter. I will have my legal counsel contact your shortly to move forward on my behalf.
>
> Thank you, FMW.

Despite requesting Watson have her legal counsel contact the Estate's attorneys, no such contact or correspondence occurred. The Special Administrator does not consent to or agree to allow Watson to share any portion of the legal fees generated. (Cade Aff., ¶3) The Special Administrator discussed the Estate's position with Mr. Perry's family, as the beneficiaries of the Estate, and they likewise do not consent. *Id.* at 5. Watson's "legal counsel" has never contacted the Estate or its attorneys.

## II. LAW.

Wis. Stats., §§757.36 & 757.37, provide the following:

> **757.36 Lien on proceeds of action to enforce cause of action.** Any person having or claiming a right of action, sounding in tort or for unliquidated damages on contract, may contract with any attorney to prosecute the action and give the attorney a lien upon the cause of action and upon the proceeds or damages derived in any action brought for the enforcement of the cause of action, as security for fees in the conduct of the litigation; when such agreement is made and notice thereof given to the opposite party or his or her attorney, no settlement or adjustment of the action may be valid as against the lien so created, provided the agreement for fees is fair and reasonable. This section shall not be construed as changing the law in respect to champertous contracts.
>
> **757.37 When action settled by parties, what proof to enforce lien.** If any such cause of action is settled by the parties thereto after judgment has been procured without notice to the attorney claiming the lien, the lien may be enforced and it shall only be required to prove the facts of the agreement by which the lien was given, notice to the opposite party or his or her attorney and the rendition of the judgment, and if any such settlement of the cause of action is had or effected before judgment therein, then it shall only be necessary to enforce the lien to prove the agreement creating the same, notice to the opposite party or his or her attorney and the amount for which the case was settled, which shall be the basis for the lien and it shall not be necessary to prove up the original cause of action in order to enforce the lien and suit.

An allegation of a retainer is not sufficient to imply an agreement for a lien; even if a written retainer agreement exists, there must be separate proof of a lien agreement. *Weigel v. Grimmett*, 173 Wis. 2d 263, 496 N.W.2d 206 (Ct. App. 1992). This section does not create an attorney's lien on settlement proceeds in the absence of a contractual lien; if the contract is breached by the attorney an alternative lien is not created. *McBride v. Wausau Insurance Co.*, 176 Wis. 2d 382, 500 N.W.2d 387 (Ct. App. 1993).

Here, Watson is obliged under Wisconsin's attorney lien laws to prove what entitlement, if any, she may have against the settlement proceeds paid by the City of Milwaukee to the Estate. Watson has been given repeated notice of the opportunity to assert her alleged right to pursue fees and has waived that right repeatedly. Absent proof of her lien claim, Watson is not entitled to share any attorney fees owed by the Estate to its representative counsel. Further, Watson readily admitted doing no legal work on behalf of the Estate since at least 2012 and that she intended to make no claim whatsoever pursuant to her 2016 email.

Supreme Court Rule 20:1.5(e) provides that contingent fees <u>may not</u> be shared under the following circumstances:

> (e) A division of a fee between lawyers who are not in the same firm may be made only if the total fee is reasonable and:
>
> (1) the division is based on the services performed by each lawyer, and the client is advised of and does not object to the participation of all the lawyers involved and is informed if the fee will increase as a result of their involvement; or
>
> (2) the lawyers formerly practiced together and the payment to one lawyer is pursuant to a separation or retirement agreement between them; or
>
> (3) pursuant to the referral of a matter between the lawyers, each lawyer assumes the same ethical responsibility for the representation as if the lawyers were partners in the same firm, the client is informed of the terms of the referral arrangement, including the share each lawyer will receive and whether the overall fee will increase, and the client consents in a writing signed by the client.

As noted, *supra*, Watson did no work on this case, was unlicensed during critical phases of the litigation, previously waived any right to claim a portion of the fee, the client does not consent to any fee sharing, and Watson never practiced with any of the representative attorneys. The Rules of Professional Conduct do not allow a fee split under these circumstances and in the event Watson actually attempts to make a claim for fees, it would be a violation of SCR 20:1.5(e).

### III. CONCLUSION

**WHEREFORE,** the Estate of James Franklin Perry respectfully requests that the Court adjudicate any lien claim by Felicia Miller-Watson and declare the Estate, or its attorneys, have no obligation to pay or share in any apportionment of attorney fees pursuant to this distribution process.

                                               **GENDE LAW OFFICE, S.C.**
                                               Attorneys for the Estate of James Perry,

By: _____
                                               James J. Gende II
                                             State Bar No. 1030921

**MAILING ADDRESS**:
N28 W23000 Roundy Drive, Ste 200
Pewaukee, WI 53072
Telephone: (262) 970-8500
Facsimile: (262) 970-7100
jgende@jamesgendelaw.com